ANDREWS *v.* GROSS & JANES TIE COMPANY.

4-8645                                          216 S. W. 2d 386

Opinion delivered November 29, 1948.

Rehearing denied January 31, 1949.

*P. L. Smith,* for appellant.

*J. Ed Morneau,* for appellee.

MINOR W. MILLWEE, Justice. In April, 1944, appellant filed a claim for compensation before the Workmen's Compensation Commission against Gross & Janes Tie Company for an injury allegedly sustained while working for said company on October 26, 1943. After several hearings extending over a two-year period, the commission entered a final order denying appellant's claim against Gross & Janes on the ground that he was not an employee of the company. The commission further found that appellant was an employee of D. F. Tutt at the time of the injury and an award was made against Tutt from which no appeal was taken by him. Appellant appealed to the circuit court from that part of the commission's order denying compensation against Gross & Janes and the circuit court affirmed. On appeal to this court, we affirmed the circuit court judgment in *Andrews* v. *Gross & Janes Tie Co.,* 211 Ark. 999, 204 S. W. 2d 783.

On November 22, 1947, appellant filed this action in the circuit court against D. F. Tutt, Gross & Janes Tie Company and Consolidated Underwriters alleging that the award previously made against D. F. Tutt had not been paid; that appellant was entitled to judgment against the three defendants jointly and severally for accumulated payments due under said award and to the issuance of a mandatory injunction requiring payment thereof by said defendants.

Appellees, Gross & Janes Tie Company and Consolidated Underwriters, filed several pleadings, including a motion to dismiss, setting up the plea of *res judicata.* Appellees attached to the last pleading filed certi-

fied copies of the findings and award of the commission, the judgment of the circuit court and the mandate of this court on the former appeal. At a hearing on the motion to dismiss, the trial court sustained the plea of *res judicata* and dismissed the cause as to the appellees. This appeal follows.

The allegations of appellant's complaint pertinent here are set out in paragraphs 2, 3 and 6 as follows:

(2) "That through an agreement with the said Gross & Janes Tie Company the employees of the said D. F. Tutt were insured for any compensation due them or their dependents with Consolidated Underwriters, who is authorized to do business in Arkansas, and the necessary premium paid the said defendant Consolidated Underwriters.

(3) "That under the said arrangements the agent of Gross & Janes Tie Company and the adjusters for the Consolidated Underwriters reported the injuries which happened to the employees of the said D. F. Tutt, and paid compensation to the said employees who were injured just before and after this plaintiff was injured. That the said agent and adjusters told the employees of the said D. F. Tutt that compensation insurance was being carried for them. and they are thus estopped to deny liability in this case. . . .

(6) "That after the above alleged claim was filed the defendant D. F. Tutt, sold to the defendant Gross & Janes Company, his entire equipment consisting of two mills and fixtures thereto belonging, together with ties made with said mills, on which this plaintiff had a lien for his claim under the Workmen's Compensation Act, the defendant Gross & Janes Tie Company assumed the said debt for the compensation due the plaintiff."

We have carefully re-examined the record of the proceedings before the commission on the former appeal and find that the matters set out in appellant's complaint were either fully determined or should have been litigated in that case. This court is committed to the rule that all issues that are determined or could be determined in a suit are *res judicata* in a subsequent

suit between the same parties. See, *McDaniel* v. *Richards,* 141 Ark. 453, 217 S. W. 478, and cases cited in West's Arkansas Digest, Vol. 11, Judgments, § 713.

There was much testimony introduced in the other case on the questions of estoppel and the alleged agreement of Gross & Janes to insure the employees of D. F. Tutt. There was also testimony tending to show compensation payments by appellees to other employees of D. F. Tutt before and after the injury to appellant. Some of this evidence was set out in our former opinion and it will not be repeated here.

In his motion for new trial on the former appeal, appellant alleged: ''The Commission was without authority to hold Gross & Janes and their Carrier not liable for this claim they both being estopped from denying liability, having reported the claim and having treated D. F. Tutt as sub-contractor, and having paid the other claims which happened at the same mill, and about the same time, and having represented to the employees working at the same mill that insurance was being carried for them.'' In his brief and argument in the other case appellant said: ''As stated in our motion we think appellee (Gross & Janes) is estopped to deny this claim and we argued this both before the commission and before the circuit court.''

We also find that the matters set forth in paragraph 6 of appellant's complaint could and should have been litigated in the former case. On a date (May 21, 1946) between hearings in that case, appellant filed a petition with the commission alleging that the two mills operated by D. F. Tutt in fact belonged to Gross & Janes and that the latter had discharged D. F. Tutt and taken charge of said mills since the filing of appellant's claim. Although D. F. Tutt later appeared as a witness and testified that he no longer operated the mills, he was not asked whether the mills had been returned to Gross & Janes or questioned concerning the arrangements under which a transfer had been made. If he had sold the mills to Gross & Janes under an arrangement whereby the latter assumed or became liable for payment of the compensation due appellant, as alleged in the com-

plaint in the instant case, this fact could and should have been established at one of the several hearings before the commission in the other case.

Appellant contends that he has not asked for anything in the instant suit that has been determined or that could have been adjudicated by the commission on the former appeal. It is also argued that the commission is not a court and is without authority to adjudicate the matters sought to be litigated in the present suit. Appellant says he is proceeding under § 25 (c) of the Workmen's Compensation Law, which reads: "If any employer or his officer or agents fail to comply with a compensation order making an award that has become final, any beneficiary of such award or the commission may apply for the enforcement of the order to the Circuit Court of the county in which the injury occurred or where the employer resides. If the court determines that the order was made and served in accordance with the law and that such employer or his officer or agents have failed to comply therewith the court shall enforce obedience to the order by writ of injunction or any other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order."

It was definitely determined in the former case that Gross & Janes was not the employer of appellant and the claim of appellant against the company was denied. Jurisdiction of the commission over Gross & Janes also gave it jurisdiction over the insurance carrier, Consolidated Underwriters. Section 37, Workmen's Compensation Law. The commission had the power to make an award against Gross & Jones either as employer or subcontractor, or on the ground of estoppel asserted on the former appeal. Since the commission denied this relief to appellant upon a record which reflects that such matters were either determined or might have been then litigated, the rule of *res judicata* is applicable.

While the compensation commission is not a court, it exercises *quasi*-judicial functions in its investigations and determinations and its awards are in the nature of

judgments. The doctrine of *res judicata* which forbids the reopening of matters once judicially determined by competent authority applies as well to decisions of a commission or board administering workmen's compensation acts as to judgments of courts having general judicial powers. 50 C. J. S., Judgments, § 690. The rule generally followed is stated in 71 C. J., p. 1195, as follows: "The award in compensation proceedings has the force and effect of the verdict of a jury. Being in the nature of a judgment, it finally and conclusively determines the rights of the parties under the workmen's compensation acts unless set aside in a proper manner, and is as binding as a judgment of a court and entitled to the same faith and credit as such a judgment." See, also, Anno. 122 A. L. R. 550.

It follows that the trial court correctly sustained the motion to dismiss the action as to appellees, and the judgment is, therefore, affirmed.