MOHAWK TIRE and RUBBER COMPANY
and TRAVELERS INSURANCE COMPANY *v.*
E. T. BRIDER

75-359                               536 S.W. 2d 126

Opinion delivered May 10, 1976

*Wright, Lindsey & Jennings,* for appellants.

*Mike J. Etoch Jr.,* for appellee.

ELSIJANE T. ROY, Justice. This appeal results from a decision of the Workmen's Compensation Commission, affirmed by the Circuit Court, denying credit for payments

made by an employer under a disability insurance plan during a period of temporary total disability following an injury to its employee, E. T. Brider.

In April, 1969, Brider developed a debilitating pulmonary disorder and applied for benefits available from a disability insurance policy furnished by Mohawk Tire and Rubber Company (hereafter Mohawk) to cover all employees. This policy was intended to cover accident or sickness not compensable under workmen's compensation and provided that the concurrent receipt of workmen's compensation benefits would result in the deduction of the amount of those benefits from the disability payments. The co-appellant, Travelers Insurance Company, is both the insurer in the disability policy and the compensation carrier for Mohawk. Appellee's claim for payments under the disability policy was granted by Travelers, and he received weekly payments of $85 for a total period of 66.4 weeks until expiration of eligibility in January, 1972.

In April, 1972, appellee filed for workmen's compensation benefits contending that his disability was work related. This claim was controverted by appellants based upon their contention that the condition was unrelated to appellee's employment and, in any event, appellee was barred by the statute of limitations, Ark. Stat. Ann. § 81-1318(b) (Supp. 1973), from proceeding because more than two years had elapsed since the condition occurred. These contentions were rejected by the Workmen's Compensation Commission, and appellee was awarded $49 per week for the entire period.[1] This Court affirmed in *Mohawk Tire & Rubber Co. v. Brider*, 257 Ark. 587, 518 S.W. 2d 499 (1975). We specifically found appellee's condition was work related and the statute of limitations was tolled by payment of either income or medical benefits. The payment of compensation in the form of medical benefits was not controverted by the employer. See *Brooks v. Ark. Best Freight System, Inc.*, 247 Ark. 61, 444 S.W. 2d 246 (1969).

---

[1]This award basically provided for payments of $49 per week from April 22, 1969, to an including February 7, 1973, and an additional period of benefits for 22 1/2 weeks after February 7, 1973, plus reasonable medical expenses.

Nevertheless, after this decision appellants tendered only partial payment of the amount awarded by the Workmen's Compensation Commission, deducting credit for the amount paid during the 66.4 weeks appellee received payments under the disability policy. Appellee refused this tender, and the matter was again set for hearing by the Workmen's Compensation Commission. After the hearing the Commission, in an order filed on August 13, 1975, stated that in its original opinion dated May 15, 1974, this very same issue seeking credits had been raised and was denied. The Commission correctly concluded that since on appeal to this Court the case was affirmed the matter was res judicata. The full Commission additionally assessed a 20% penalty against appellants pursuant to Ark. Stat. Ann. § 81-1319(f) (Repl. 1960) for failure to pay the award within 15 days after it became due.

Appellants argue for reversal that the denial of a credit for $3,254.68 paid under the "accident and sickness" policy is contrary to the law. This contention is without merit as the right of appellants to a credit was foreclosed in their first appeal and cannot be relitigated here.

The Arkansas Workmen's Compensation Law covering credit for compensation or wages paid is found in Ark. Stat. Ann. § 81-1319(m) (Repl. 1960), which reads as follows:

Credit for compensation or wages paid. If the employer has made *advance payments of compensation* he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due. * * * (emphasis supplied)

The Commission held that because the earlier payments were not for work associated accident or illness they were not "advance payments of compensation" and no credit was allowable. Appellants did not appeal to the Supreme Court on the issue of whether a credit should be allowed.

Since this issue was submitted to and decided adversely to appellants by the Commission the bar of res judicata is invoked as effectively as if the issue had been presented to this Court.

In *Hollis* v. *Piggott Junior Chamber of Commerce*, 248 Ark. 725, 453 S.W. 2d 410 (1970), quoting from an earlier Arkansas decision, it was stated that:

> * * * *After judgment on the merits,* a party cannot afterwards litigate the same question in another action, although some argument might have been urged on the first trial that would have led to a different result. (emphasis the Court's)

The rationale behind holding an issue to be res judicata in a subsequent proceeding is to ". . . end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into controversy, . . . ." *Ted Saum & Co.* v. *Swaffer*, 237 Ark. 971, 377 S.W. 2d 606 (1964).

Appellants' second contention that the 20% penalty should not be imposed upon the entire amount of the award is equally without merit. After the decision by this court in *Mohawk, supra,* upholding the decision of the Workmen's Compensation Commission granting benefits to appellee, appellants arbitrarily withheld the sum of $5,645.71 from the amount due under the Commission's award and also reduced the payment of attorney's fee accordingly.[2]

Appellee was not required to accept appellants' tender of approximately 50% of what was due under the mandate of the Arkansas Supreme Court affirming the award of the Commission and expose himself to the peril of appellants' possible argument that acceptance of the lesser amount constituted accord and satisfaction. Accordingly we find the failure of appellants to comply with the award of the Commission, affirmed by this Court, exposes them to the sanction of § 81-1319(f) and a 20% penalty on the entire amount of the award was properly applied herein.

Affirmed.

JONES and BYRD, JJ., dissent.

---

[2]After a hearing before the Administrative Law Judge appellants later reduced the amount claimed as a credit to $3,254.68, computed by multiplying the $49 per week award by 66.4 weeks.

J. FRED JONES, Justice, dissenting. I do not agree with the majority opinion in this case. The facts relative to insurance coverage are slightly unusual in that the same carrier had both the group and compensation coverage and the coverages overlapped. It is my opinion the group coverage simply supplemented the compensation coverage where compensation covered disability was involved.

The group coverage provided for the payment of $85.00 per week and the coverage included disability "due to accident or *occupational illness.*" Brider's disability was not only caused by a series of accidents (inhalation of smoke and chemical fumes) within the meaning of the Workmen's Compensation Law, it was also caused by "occupational *illness*" in the sense that the occupation caused the illness which resulted in the disability.

No serious effort was made by anyone to determine whether Brider's disability was occupational within the workmen's compensation coverage until the payments under his group policy were exhausted and he filed claim for workmen's compensation benefits. This is understandable because the weekly benefits were greater under the group policy and Brider had no reason to complain or make inquiry. The employer or its insurance carrier did not question Brider's disability and his entitlement under the group policy and really had no reason to do so until the benefits under the group coverage expired and Brider filed claim for compensation. The compensation and group carrier was paying greater benefits under the group policy than were payable under the compensation coverage and, until the benefits under the group policy were exhausted, it was all the same in dollars and cents to the appellants because the group policy contained a provision as follows:

2. Deduction for Workmen's Compensation Benefits
In the event that an Employee received weekly compensation under a Workmen's Compensation Act for any period with respect to which he is also entitled to weekly benefits under Paragraph 1 of this Section C, the amount of such weekly compensation payable under such Act shall be deducted from the amount of the

weekly benefit otherwise payable to such Employee under said Paragraph 1.

As it turned out, Brider should have been receiving workmen's compensation benefits all the time from the beginning of his disability. Instead, he did receive full benefits under the group coverage without deduction for compensation payments. The compensability for his disability under the Workmen's Compensation Law was not finally determined until we affirmed the circuit court and Commission in our previous decision in this case. *Mohawk Tire & Rubber Co., et al.* v. *Brider*, 257 Ark. 587, 518 S.W. 2d 499.

Now, if the appellants had recognized Brider's disability as compensable under the Act and had made payments accordingly, there is no question that such payments should have been credited against the larger weekly amount payable under the group policy. It is my view that the appellant-carrier is still entitled to such credit. It is clear to me that the group policy did not contemplate double coverage but only supplemental coverage where compensation coverage applied.

It is quite true that the appellant-employer and carrier controverted the appellee's claim for compensation benefits, except medical, and contended that his disability was not related to his employment but was only covered under the time limited group policy. We did not agree with that contention and in affirming the circuit court judgment which affirmed the Commission's award, we held in effect that Brider was entitled to compensation benefits which should have been paid from the inception of his disability. It could only follow, as I view this case, that as a matter of right as well as a matter of law, the appellants are entitled to credit for the overpayments they made under the group coverage to the extent of the amounts they should have paid under the compensation coverage.

It is true that in the original request for review of the referee's findings by the full Commission, the appellants asserted that the referee had failed to allow credit for payment under the group policy but, of course, at that point the

appellants were still contending that Brider's disability was unrelated to his work and was, therefore, not compensable at all under the Workmen's Compensation Act. The appellants never did question their full liability for medical and compensation benefits under the group policy which covered both occupational and nonoccupational, illness and injuries and on appeal from the referee's award to the full Commission on the compensability of the claim as work related, it would have been slightly inconsistent for the appellants to have pursued a claim for credit for compensation it was contending it did not owe. In any event, neither the referee nor the full Commission granted, denied or even mentioned credit for compensation against the amounts paid under the group policy.

It is true, as stated by the referee in the case at bar, we did state in our original opinion ". . . Mohawk contended that the $85 per week paid to Brider was under an entirely separate nonoccupational insurance policy and did not constitute the payment of workmen's compensation in any sense of the word." This quote was a statement of Mohawk's *contention* in support of its plea of the statute of limitations and was not a statement of this court's opinion. This contention by Mohawk was based upon its primary contention most vigorously advanced, that Brider's disability was not occupational at all and, being nonoccupational in nature, could fall only under the group coverage. We did not agree with the appellants on either co . ¡ntion.

I do not consider our original opinion res judicata as to the question now before us. As I interpret our original opinion, in affirming the circuit court judgment, we affirmed the findings and award the Commission *did make* and our opinion was in no wise res judicata as to any question that was or may have been presented to the Commission and never passed on or mentioned by the Commission in its opinion.

The appellants never did concede that Brider's disability was occupational and compensable under the compensation coverage. The appellants controverted the entire claim, except medical, at the risk of paying attorney's fee in addition to compensation as they had a perfect right to do. The appellants nor the appellee nor anyone else, including the

Commission and any one member of this court, knew that Brider's disability was compensable under the Workmen's Compensation Law until that question was finally determined by this court. The appellants are bound by the decision of this court whether they agree with that decision or not, but in my opinion the appellants are certainly not bound to their former contentions under their prior ineffective defense which was never adjudicated by the referee, or the Commission, or the circuit court, or this court on appeal.

The only issues before the referee in the original case were whether the claimant had sustained an accidental injury; whether his condition arose out of or in the course of his employment, and whether the claim was barred by the statute of limitations. In his findings of fact the referee found as follows:

2. Claimant's healing period ended on February 7, 1973.
3. The claimant has sustained a permanent partial disability of 5% to the body as a whole resulting from his lung disease.
4. The respondents are liable for payment of temporary total disability benefits from April 22, 1969, to February 7, 1973. The respondents shall receive credit for wages paid the claimant during this period.
5. The respondents are liable for the reasonable medical services rendered to the claimant as a result of the aforementioned compensable lung disease.
6. The respondents have controverted this claim except for the medical treatment which was paid for by the respondent prior to the date of the hearing.

The referee's award appeared as follows:

The respondents are ordered and directed to pay the claimant temporary total disability benefits at the rate of $49.00 per week from April 22, 1969, to Feb. 7, 1973, except for the days that the claimant actually worked for the respondent during that period of time. The respondents shall pay the reasonable medical expenses resulting from the claimant's industrially caused lung disorder. The respondents are further ordered and

directed to pay permanent partial disability benefits in the amount of 5% to the claimant beginning February 7, 1973, and all permanent partial disability benefits due and owing are to be paid in one lump sum without discount. Claimant's attorney herewith is awarded the maximum attorney's fees provided by law.

In the appellants' memorandum brief on appeal to the full Commission they stated as follows:

The following points are asserted as grounds for reversing the decision of the Referee and will be discussed in the same order in the brief:

1. The claimant has failed to establish by a preponderance of the evidence that his lung disorder was caused by his employment.
2. The claimant has failed to establish by a preponderance of the evidence that his lung disorder was temporarily or permanently disabling.
3. Respondents were not given credit for health and accident benefits paid to the claimant from January 18, 1970 through January 18, 1972.
4. Part or all of the claim is barred by the statute of limitations.

And, as a part of their argument in support of their contention No. 3, the appellants argued as follows:

It is undisputed that claimant applied for and received disability benefits at the rate of $85.00 per week from January, 1970 through January 18, 1972 and also had paid in his behalf $6,784.66 in medical expense. These benefits were paid on the assumption that Brider's condition was unrelated to his employment. Such benefits are not payable or, are payable only on a limited basis in the event of a compensable workmen's compensation claim. The claimant is not entitled to be unjustly enriched by reason of a payment from the health and accident policy and a separate payment for the same period of disability and medical expense as a workmen's compensation claim. In the event that this claim is held to be

compensable in whole or in part, respondents are entitled to credit for those sums paid by the health and accident policy for temporary total disability benefits or medical expense.

In the opinion of the full Commission the Commission recited, in its statement of the case, as follows:

For reversal, the respondent states that the claimant failed to establish by a preponderance of the evidence that his lung disorder was caused by his employment; that the claimant failed to establish by a preponderance of the evidence that his lung disorder was temporarily or permanently disabling; that the respondents were not given credit for health and accidents benefits paid to the claimant from January 18, 1970, through January 18, 1972; and that part or all of the claim was barred by the Statute of Limitations.

The Commission in its opinion then made no further reference whatever to the appellants' third contention. In its findings of fact the Commission simply found that the claimant sustained an accidental injury arising out of and in the course of his employment; that he was earning sufficient wages to entitle him to the maximum compensation of $49 per week; that his healing period ended on February 7, 1973; that the claim was not barred by the statute of limitations; that the claimant sustained permanent partial disability of 5% to the body as a whole; that the appellants were liable for payment of temporary total disability benefits from April 22, 1969, to February 7, 1973, with a right to receive credit for wages paid the claimant during the period; that the appellants were liable for reasonable medical services incurred as a result of the compensable injury, and that the appellants had controverted the claim in its entirety except for medical treatment which had been paid prior to the date of hearing.

In its conclusions, the Commission stated as follows:

The claimant suffered an injury, notified his supervisor, and the respondents provided medical care and paid

him $6,784.66 in weekly compensation benefits under a company health and accident insurance policy.

The claimant's claim was filed within a year of receiving medical benefits (compensation) and therefore, his claim is not barred by the Statute of Limitations (81-1318 [b]), *Reynolds Metals Company* v. *Brumley*, 226 Ark. 388.

It is further the opinion of the Commission that the actions of the respondents have estopped them from pleading the Statute of Limitations.

The Commission then made the following award:

The respondents shall pay to the claimant temporary total disability benefits at the rate of $49.00 per week beginning April 22, 1969, to and including February 7, 1973, except for those days that the claimant received wages.

Beginning February 7, 1973, and continuing for a period of 22 ½ weeks, respondents shall pay the claimant permanent partial disability benefits in the amount of $49.00 per week representing a five per cent permanent partial disability, and all permanent partial disability benefits heretofore not paid, shall be paid in one lump sum without discount.

The respondents shall pay for the reasonable medical expenses resulting from the claimant's injury and receive credit for amounts heretofore expended.

Claimant's attorney, Mr. Mike J. Etoch, Jr., shall be paid a maximum attorney's fee, and the same shall be based on the controverted portion of this award.

On appeal to this court in the original case the appellants designated the points they relied on for reversal as follows:

The court erred in affirming the decision of the Commis-

sion because:

### I

There is no substantial evidence in the record that appellee sustained an accidental injury arising out of and in the course of his employment.

### II

There is no substantial evidence in the record that appellee sustained any temporary or permanent disability.

### III

Appellee's claim is barred by the statute of limitations.

The statute of limitations was tolled in this case by the payment of compensation in the form of medical benefits not even controverted. The medical benefits were also paid under the group policy coverage. Certainly no one would suggest they should be paid again under the compensation coverage.

The appellants very properly paid Mr. Brider the full benefits under the group policy without deducting the compensation benefits they did not know they owed until final determination by this court and it is my view, that as a matter of right and as a matter of law, the appellants are still entitled to deduct the compensation benefits they actually paid even though they made the payments under the erroneous theory that they were for nonoccupational disability.

I would reverse and remand this case for proper credit which, of course, would also eliminate the 20% penalty for late payment.

BYRD, J., joins this dissent.