Lisa McCLANAHAN v. L. D. GIBSON

87-367                                    756 S.W.2d 889

Supreme Court of Arkansas
Opinion delivered September 19, 1988

*John V. Phelps*, for appellant.

No brief filed.

JACK HOLT, JR., Chief Justice. This appeal is from a judgment for the appellee, L. D. Gibson, on his tort claim against the appellant, Lisa McClanahan, for property damage totaling $1,029.33. McClanahan argues that the trial court erred in denying her request for a trial by jury. We agree and reverse.

In her answer to the complaint filed by Gibson, McClanahan denied liability and requested a jury trial. The case was set accordingly. Upon discovering that the suit was for $1,029.33, the trial judge reset the case for trial by the court. During the course

of pretrial proceedings, and on the day of trial, McClanahan renewed her request for a trial by jury. The court denied the final request, stating:

> [T]he constitutional amendment which gave jurisdiction to the municipal court up to [$3,000.00] gives concurrent jurisdiction both to the circuit court and the municipal court, and if the municipal court can try a lawsuit without a jury, the circuit court should be able to, and, for that reason, the motion is denied for a jury trial.

In relevant part, article 2, section 7 of the Arkansas Constitution provides:

> The right of trial by jury shall remain inviolate, and shall extend to all cases at law, *without regard to the amount in controversy*. [Emphasis ours.]

We have held that "the constitutional right to trial by jury does not secure the right in all possible instances but only in those cases that were so triable at common law." *Dunn* v. *Davis*, 291 Ark. 492, 725 S.W.2d 853 (1987). The underlying tort action is one of those cases.

While section four, paragraph seven, of Act 431 of 1987 [Ark. Code Ann. § 16-17-704(a)(6) (Supp. 1987)] does provide for the concurrent jurisdiction referred to by the trial court, we find nothing in Act 431 which would suggest an intent by the legislature to abrogate the constitutional right to a trial by jury in tort actions triable in circuit court. To the contrary, section 16-17-703, which deals with appeals from municipal court, clearly demonstrates the legislature's concern that the right secured by article 2, section 7 of the Arkansas Constitution not be diminished:

> There shall be no jury trials in municipal court. In order that the right of trial by jury remains inviolate, all appeals from judgment in municipal court shall be de novo to circuit court.

For cases triable by jury at common law, such as the one at bar, the circuit court's reasoning and judgment not only contravenes the mandate of article 2, section 7, but also renders

the legislative intent behind section 16-17-703 meaningless. Simply put, inasmuch as this is a tort case in circuit court, appellant has a right to trial by jury regardless of the amount in controversy.

Reversed and remanded.