Michael W. WALKER; Aearth Development, Inc.;
Aearth Preparations, Inc.; and Coal Processors v.
FIRST COMMERCIAL BANK, N.A.

92-1488                                                  880 S.W.2d 316

Supreme Court of Arkansas
Opinion delivered July 18, 1994
[Rehearing denied September 19, 1994.*]

*Brown, J., not participating.

618

*Michael G. Burk* and *Dana A. Reece*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Glenn W. Jones, R. Kenny McCulloch*, and *Scott Michael Strauss*, for appellee.

DONALD PRICE CHANEY, JR., Special Justice. This lender liability case involves many issues, including the pivotal issue of whether Appellants were wrongfully deprived of a jury trial. The Court finds that the transfer of this case from circuit to chancery court did wrongfully deprive the Appellants of their right to a jury trial. The Court need not address any other issues in view of the ruling on this dispositive issue. The Court finds that Appellants' violations of the rules for brief preparation were not flagrant and will not deprive them of having the merits of the case decided on appeal.

The Appellants filed a lender liability claim against First National Bank of Little Rock, the Appellee's predecessor in interest. The consolidated complaint alleged claims based on negligence, gross negligence, breach of fiduciary duty, breach of the common law and Arkansas Uniform Commercial Code duties of good faith and fair dealing, breach of contract, breach of implied joint venture interest, securities violations of joint venture agreement, conversion, negligent misrepresentation, fraud, fraudulent conspiracy, fraudulent misrepresentation, duress, tortious interference with business expectancy, violation of the Bank Holding Company Act, 12 U.S.C. § 1971-1978, and the Racketeering Influencing Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(C).

Appellants contended, among other things, that their coal mining business failed because Appellee insisted that George Locke be included as an owner and manager of Coal Processors when one of the other joint venture partners withdrew, and that Appellee failed to provide long-term financing that was promised. Appellants also contended that the Appellee transferred funds without authorization from an escrow account for coal sale proceeds to pay a loan owed to Dan Lasater, prompting a mining equipment supplier to repossess essential equipment and thus causing the failure of Appellants' coal mining business.

The Appellee filed an answer claiming an equitable setoff

and recoupment for the amount of unpaid loans owed by Appellants. Based upon this allegation of an equitable defense, the circuit court transferred the case to chancery court over Appellants' objections. The chancery court denied Appellants' motion to return the case to circuit court. Following a trial that resulted in a voluminous forty-six-volume record, the Chancellor ruled that the Appellants had standing and capacity to bring their claims, but held against the Appellants on the merits of their lender liability claim. This appeal followed.

In order for an action at law to be transferred to chancery to try an equitable defense, such equitable defense must be "exclusively cognizable in chancery" pursuant to Ark. Code Ann. § 16-57-106 (1987). There must be "peculiar equities" alleged in the pleadings or that exist in the proffered proof for a cause of action to be transferred to the chancery court for adjudication of an equitable setoff. *Poultry Grower's, Inc.* v. *Westark Prod. Credit Ass'n*, 246 Ark. 995, 440 S.W.2d 531 (1969). We have often said that equity has no jurisdiction where there is a complete and adequate remedy at law. *Taylor's Marine, Inc.* v. *Waco Mfg., Inc.*, 302 Ark. 521, 792 S.W.2d 286 (1990).

We find here that Appellee's defense of equitable setoff was not exclusively cognizable in equity. Appellee's setoff defense sought to offset against any recovery awarded Appellants the amount of unpaid loans owed by Appellants to Appellee under promissory notes that were executed during the course of the parties' banking relationship. The amount of such unpaid loans was a liquidated sum certain, and Appellee filed a claim for such amount in the respective bankruptcy cases filed by Appellants. Such liquidated sum owed by Appellants to Appellee would be cognizable at law and could be considered by the circuit court pursuant to Ark. Code Ann. § 16-63-206 (1987), which provides for setoff as follows:

(a) A setoff may be pleaded in any action for the recovery of money and may be a cause of action arising either upon contract or tort.

(d) When any plaintiff shall be indebted to a defendant in any bond, bill, note, contract, book account, or other liquidated demand and the defendant fails to setoff the debt against the plaintiff's demand, the defendant shall be for-

ever barred from recovering costs in any suit which he may thereafter institute upon any such bond, bill, note, contract, book account, or other liquidated demand.

*Id.*, § 16-23-206(a) and (d).

This statute is broad enough to include both setoff and recoupment, a distinction that this Court has not made previously. In *First State Bank of Crossett.v. Phillips*, 13 Ark. App. 157, 681 S.W.2d 408 (1984), the court defined recoupment as "the right to keep back rightfully some part owed so as to reduce or diminish the total sum due," and noted that the counterclaim was in the nature of recoupment where it arose from the same loan transaction giving rise to the foreclosure action.

■■ Appellee contends that the insolvency and bankruptcy of the Appellants justifies equity intervention, and that 11 U.S.C. § 524(a) would prohibit Appellee's offsetting its liquidated debt. However, the Appellee asked for and received an order from the bankruptcy court relaxing the automatic stay as to the corporate Appellants, which removed any impediment to the assertion of Appellee's recoupment or setoff at law. Furthermore, the Ninth Circuit Court of Appeals has held that 11 U.S.C. § 553 allows setoffs in bankruptcy to the same extent they are allowed under state law. *In re DeLaurentiis Entertainment Group, Inc.* 963 F.2d 1269 (9th Cir. 1992). The Court of Appeals noted that a setoff is allowed as a defense to a claim brought by a bankruptcy debtor against a creditor, and that the creditor can only claim an amount large enough to offset its debt.

■ In *Westinghouse Electric Corp.* v. *Fidelity & Deposit Co.*, 63 B.R. 18, 21 (E.D. Pa. 1986), the court cited Collier on Bankruptcy, § 553.03, as follows:

> Under the legal and equitable principles of setoff, . . . the mutual debt and claim contemplated are generally those arising from *different* transactions . . . *Recoupment*, on the other hand, is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim.

*Id.* [Emphasis in original.]

The court found that the recoupment defense was not affected

by the filing of bankruptcy. A similar view is expressed in 8A C.J.S. Bankruptcy § 164 where it is stated that the setoff need not arise in the same transaction, and that "the doctrine of recoupment is available when the debt arises from the same transaction."

Our statute, Ark. Code Ann. § 16-63-206 (1987), is broad enough to include both setoff and recoupment, which is available as a defense to Appellee regardless of whether Appellants have filed bankruptcy or been discharged in bankruptcy. There is no peculiar equity under these circumstances that would mandate a transfer to chancery court. The defense of setoff or recoupment is available in the action at law for the liquidated sum owed by Appellants to Appellee for the unpaid loans which arose from the same lending relationship between the parties that gave rise to Appellant's lender liability claim.

We hold that the Appellants were wrongfully deprived of a jury trial on their lender liability claim as guaranteed to them by Article 2, Section 7 of the Constitution of Arkansas, which provides as follows:

> The right of trial by jury shall remain inviolate and shall extend to all cases at law, without regard to the amount in controversy.

The right to jury trial is a fundamental constitutional right that is protected by the Constitution of Arkansas, and procedural rules will not be applied to diminish the right to a jury trial. *Bussey* v. *Bank of Malvern*, 270 Ark. App. 37, 603 S.W.2d 425 (Ark. App. 1980).

A defendant may not assert an equitable counterclaim merely to avail himself of chancery court jurisdiction and deprive the plaintiff of the right to a trial by jury. *Axley* v. *Hammock*, 185 Ark. 939, 50 S.W.2d 608 (1932). It is only where an equitable defense is exclusively cognizable in equity that a transfer to chancery should be authorized, which is not present here. For this reason, this case is reversed and remanded to the chancery court with instructions to transfer the case to circuit court for further proceedings.

Reversed and remanded.

BROWN, J., not participating.