Lance R. CRAVEN *v.* FULTON SANITATION SERVICE, INC., d/b/a Sun Ray Services, Inc., d/b/a USA Waste of Arkansas, Inc., and Kendale Lloyd Toney

04-791                                                    206 S.W.3d 842

Supreme Court of Arkansas
Opinion delivered April 14, 2005

*Nolan, Caddell & Reynolds, P.A.*, by: *Fred L. Caddell*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, L.L.P.*, by: *E. Diane Graham*, for appellees.

DONALD L. CORBIN, Justice. Appellant Lance R. Craven filed a negligence suit in the Sebastian County Circuit Court against Appellees Fulton Sanitation Service, Inc., d/b/a Sun Ray Services, Inc., d/b/a USA Waste of Arkansas, Inc. ("Fulton"), and Kendale Lloyd Toney. The trial court granted summary judgment to Appellees on the ground that an adverse decision from the Workers' Compensation Commission barred Appellant's suit under the doctrine of collateral estoppel. Appellant contends that the trial court's ruling is erroneous because it violates his constitutional right to a trial by jury and his right to bring suit against a third party under Ark. Code Ann. § 11-9-410(a)(1)(A) (Repl. 2002). The Arkansas Court of Appeals certified this case to us as presenting an issue of first impression as to whether a judgment by an administrative agency may be given preclusive effect in such cases where the litigant has the right to a jury trial. Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(b)(1). We reverse the order of summary judgment and remand for further proceedings in this matter.

The relevant facts are not in dispute, and the parties agree that this appeal presents only questions of law, which this court

reviews *de novo*. *See Brown v. Pine Bluff Nursing Home*, 359 Ark. 471, 199 S.W.3d 45 (2004); *Holt v. McCastlain*, 357 Ark. 455, 182 S.W.3d 112 (2004). Suffice it to say that Appellant was involved in an automobile accident on March 10, 1999, wherein the vehicle he was driving was struck from behind by one of Fulton's trucks that was driven by Toney. Because Appellant was on the job at the time of the accident, he filed a claim against his employer, Cockram Concrete, alleging that he sustained compensable injuries to his neck, upper back, and lower back. His employer accepted the compensability of his neck and upper-back injuries; however, it questioned whether his lower-back injuries had been caused by the accident. The Commission's Administrative Law Judge (ALJ) concluded that Appellant had failed to prove a causal relationship between his lower-back injuries and the automobile accident. The ALJ's decision was affirmed by the Commission. Appellant appealed to the court of appeals; however, he abandoned the appeal when he failed to lodge the record with the appellate court.

Appellant filed the instant suit against Appellees in August 2001, seeking damages for his lower-back injuries.[1] Appellees moved for summary judgment on the ground that the ALJ's determination of the issue of causation precluded Appellant from relitigating it. Appellant argued that giving preclusive effect to the Commission's judgment on the issue of causation would deprive him of his constitutional right to have that factual issue determined by a jury. He also argued that section 11-9-410(a)(1)(A) specifically provides that the making of a claim for workers' compensation shall not affect the employee's right to maintain an action in court against a third party. The trial court granted summary judgment, and Appellant appealed.

The sole issue on appeal is whether the doctrine of *res judicata* may be applied to a final judgment of the Workers' Compensation Commission so as to bar the employee's constitutional right to a jury trial against a third-party tortfeasor. The concept of the doctrine of *res judicata* has two facets: claim preclusion and issue preclusion. *See Barclay v. Waters*, 357 Ark. 386, 182 S.W.3d 91 (2004); *Searcy v. Davenport*, 352 Ark. 307, 100 S.W.3d 711 (2003); *John Cheeseman Trucking, Inc. v. Pinson*, 313 Ark. 632, 855 S.W.2d 941 (1993). Claim preclusion forecloses further litigation on a

---

[1] Although Appellant initially sought damages for the injuries to his neck and upper back, in addition to those in his lower back, he later withdrew that claim.

cause of action, while issue preclusion forecloses further litigation in connection with a certain issue. *Id.* Issue preclusion is the type of *res judicata* involved in this case.

Issue preclusion, better known in this state as collateral estoppel, bars relitigation of issues of law or fact previously litigated, provided that the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question and that the issue was essential to the judgment. *Beaver v. John Q. Hammons Hotels,* 355 Ark. 359, 138 S.W.3d 664 (2003); *Zinger v. Terrell,* 336 Ark. 423, 985 S.W.2d 737 (1999). To apply collateral estoppel, the following elements must be present: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Id.* Collateral estoppel may be asserted by a stranger to the first judgment, but the party against whom it is asserted must have been a party to the earlier action and must have had a full and fair opportunity to litigate the issue in that first proceeding. *State Office of Child Support Enforcem't v. Willis,* 347 Ark. 6, 59 S.W.3d 438 (2001); *Coleman's Serv. Ctr., Inc. v. FDIC,* 55 Ark. App. 275, 935 S.W.2d 289 (1996).

Ordinarily, the doctrine of *res judicata,* either in the form of claim preclusion or issue preclusion, is applied based on a final judgment issued by a court. However, the doctrine has been applied in this state to issues determined by final judgment or decree of an administrative agency. Significantly, both this court and the court of appeals have held that the doctrine is applicable to decisions of the Workers' Compensation Commission. *See Beaver,* 355 Ark. 359, 138 S.W.3d 664; *Mohawk Tire & Rubber Co. v. Brider,* 259 Ark. 728, 536 S.W.2d 126 (1976); *Andrews v. Gross & Janes Tie Co.,* 214 Ark. 210, 216 S.W.2d 386 (1948); *Perry v. Leisure Lodges, Inc.,* 19 Ark. App. 143, 718 S.W.2d 114 (1986); *Tuberville v. International Paper Co.,* 18 Ark. App. 210, 711 S.W.2d 840 (1986); *Gwin v. R.D. Hall Tank Co.,* 10 Ark. App. 12, 660 S.W.2d 947 (1983). In *Andrews,* this court explained:

> While the compensation commission is not a court, it exercises *quasi*-judicial functions in its investigations and determinations and its awards are in the nature of judgments. The doctrine of *res judicata* which forbids the reopening of matters once judicially determined by competent authority applies as well to decisions of a commission or board administering workmen's compensation acts as to judg-

ments of courts having general judicial powers. 50 C.J.S., Judgments, § 690. The rule generally followed is stated in 71 C.J., p. 1195, as follows: "The award in compensation proceedings has the force and effect of the verdict of a jury. Being in the nature of a judgment, it finally and conclusively determines the rights of the parties under the workmen's compensation acts unless set aside in a proper manner, and is as binding as a judgment of a court and entitled to the same faith and credit as such a judgment." See, also, Anno. 122 A.L.R. 550.

214 Ark. at 214-15, 216 S.W.2d at 388.

None of the foregoing cases involved the issue of the constitutional right to a jury trial in civil cases. Notwithstanding, Appellees contend that the statement in *Andrews* that the award in compensation proceedings has the force and effect of a jury verdict implies that the issue has been decided. Appellees also point to the statement by the court of appeals that application of the doctrine of *res judicata* to administrative actions "is especially appropriate to bar new proceedings when an agency has conducted a trial-type hearing, made findings, and applied the law." *Brandon v. Arkansas Western Gas Co.*, 76 Ark. App. 201, 210-11, 61 S.W.3d 193, 200 (2001) (citing *Fuchs v. Moore*, 589 N.W.2d 902 (N.D. 1999)). We do not view these holdings as being dispositive of the issue at hand, and we conclude that the doctrine may not be applied to bar an employee from having a jury determine factual issues in an action at law against a third party.

Article 2, Section 7, of the Arkansas Constitution provides in pertinent part that "[t]he right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy[.]" The right to jury trial under this provision is a fundamental right. *Walker v. First Commercial Bank, N.A.*, 317 Ark. 617, 880 S.W.2d 316 (1994); *Bussey v. Bank of Malvern*, 270 Ark. 37, 603 S.W.2d 426 (Ark. App. 1980). It extends to all cases that were triable by a jury at common law. *Hopper v. Garner*, 328 Ark. 516, 944 S.W.2d 540 (1997); *McClanahan v. Gibson*, 296 Ark. 304, 756 S.W.2d 889 (1988). In other words, the constitutional right to trial by jury extends only to the trial of issues of fact in civil and criminal causes. *Jones v. Reed*, 267 Ark. 237, 590 S.W.2d 6 (1979). Tort cases, such as the negligence suit present in this case, are civil cases that were triable by juries at common law. *See McClanahan*, 296 Ark. 304, 756 S.W.2d 889.

Under our current Workers' Compensation Act, an employee gives up the right to a jury trial in an action against the employer for unintentional work-related injuries. That right was vanquished with the passage of Amendment 26 to the Arkansas Constitution, now found in Article 5, Section 32, which gave the legislature the power to provide the means, method, and forum for adjudicating claims arising under the workers' compensation law. *See Grimmett v. Digby*, 267 Ark. 192, 589 S.W.2d 579 (1979) (superseded by statute on other grounds). In exchange for giving up that right, the employee gains a certain and quick resolution of his or her claim against the employer. Arkansas Code Annotated § 11-9-101(b) (Repl. 2002) provides that one of the primary purposes of workers' compensation laws is "to pay timely temporary and permanent disability benefits to all legitimately injured workers who suffer an injury or disease arising out of and in the course of their employment[.]"

The rights and remedies granted to employees under the Act are exclusive of all other rights and remedies of the employee from the employer. Ark. Code Ann. § 11-9-105(a) (Repl. 2002). The reason for such exclusivity is found in the general purpose behind our workers' compensation laws, which was to change the common law by shifting the burden of all work-related injuries from individual employers and employees to the consuming public, with the concept of fault being virtually immaterial.[2] *Brown v. Finney*, 326 Ark. 691, 932 S.W.2d 769 (1996); *Simmons First Nat'l Bank v. Thompson*, 285 Ark. 275, 686 S.W.2d 415 (1985). With the passage of such statutes, employers gave up the common-law defenses of contributory negligence, fellow servant, and assumption of the risk, while employees gave up the chance of recovering unlimited damages in tort actions in return for certain recovery in all work-related cases. *Id.* Thus, it has been held that the exclusivity of our workers' compensation laws favors both the employer and the employee. *Brown*, 326 Ark. 691, 932 S.W.2d 769.

In contrast, an employee does not forfeit any right to unlimited damages in a civil trial against a third party, regardless of whether the employee has previously made a claim for compen-

---

[2] However, our workers' compensation laws do not preclude an employee from filing a tort action against an employer for the infliction of intentional or willful injuries. *See, e.g., Gourley v. Crossett Pub. Sch.*, 333 Ark. 178, 968 S.W.2d 56 (1998); *Hill v. Patterson*, 313 Ark. 322, 855 S.W.2d 297 (1993).

sation against the employer. On the contrary, section 11-9-410(a)(1)(A) specifically provides:

> The making of a claim for compensation against any employer or carrier for the injury or death of an employee *shall not affect the right of the employee,* or his or her dependents, *to make a claim or maintain an action in court against any third party for the injury,* but the employer or the employer's carrier shall be entitled to reasonable notice and opportunity to join in the action. [Emphasis added.]

There is no dispute that Appellees in the case at bar are third parties under the Act. Accordingly, Appellant has a right to maintain an action against them in court, despite the fact that he has already pursued a compensation claim against his employer.

Construing section 11-9-410(a)(1)(A) along with the constitutional right to a jury trial in civil cases and considering the purpose of the Workers' Compensation Act, we conclude that the trial court erred in giving preclusive effect to the Commission's judgment on the issue of causation. Although this issue is one of first impression in Arkansas, we find guidance in a similar case from Minnesota.

In *Heine v. Simon,* 674 N.W.2d 411 (Minn. Ct. App. 2004), the Minnesota Court of Appeals held that collateral estoppel did not bar the plaintiff's claim against a third-party tortfeasor where the workers' compensation determination concluded that the plaintiff's injuries were not caused by the accident with the defendant. There, as in this state, it had previously been held that the principles of *res judicata* apply to workers' compensation decisions in certain instances. However, the *Heine* court concluded that collateral estoppel did not bar the employee's civil suit because the procedures available in the workers' compensation proceedings were markedly different from those available in a civil suit. As such, the court held that the plaintiff was deprived of the full and fair opportunity to litigate the issue of causation before the agency. The court explained:

> Workers' compensation hearings are not bound by common law or statutory rules of evidence, nor are the rules of pleading or procedure applicable. Reliable hearsay is admissible. Additionally, there is no right to a jury trial on a workers' compensation claim. Based on the nature of the proceedings and the record before us, we conclude that the workers' compensation hearing did not

provide a full and fair opportunity to be heard for the purpose of applying the doctrine of collateral estoppel in Heine's negligence action against a third-party tortfeasor.

*Id.* at 423 (citations omitted).

■ Proceedings before our Workers' Compensation Commission and its hearing officers are informal in that the Commission is not bound by technical or statutory rules of evidence or by technical or formal rules of procedure in conducting a hearing. Ark. Code Ann. § 11-9-705(a) (Repl. 2002). More importantly, the proceedings before the Commission do not provide for the right to have a jury determine factual issues. Given the nature of these proceedings, especially the lack of a jury trial, we conclude that to give the Commission's decision preclusive effect would deprive Appellant of a full and fair opportunity to litigate the issue. Article 2, Section 7, of our constitution makes clear that the right to a jury trial in all cases at law, *i.e.*, civil and criminal cases, is inviolate unless it is waived by the litigant. It is due to the constitutional stature of this right, along with the right to redress of wrongs found in Article 2, Section 13, that made it necessary to amend our constitution before the legislature could establish our workers' compensation laws, as those laws effectively strip employees of these rights in claims against their employers. *Grimmett*, 267 Ark. 192, 589 S.W.2d 579.

■ Moreover, section 11-9-410(a)(1)(A) of our Workers' Compensation Act specifically provides that an employee's pursuit of a claim for compensation against his or her employer shall not effect the employee's right to maintain an action in court against a third-party tortfeasor. While an employee gives up the right to a jury trial against the employer, the employee does not give up that right against a third party. Were we to hold that the Commission's determination precluded Appellant's suit against Appellees, we would effectively be requiring him to choose between enforcing his rights under the workers' compensation laws and his constitutional right to a jury trial against the third-party tortfeasor. The Workers' Compensation Act does not require Appellant to make such a choice, and nor do we.

■ In sum, under our state constitution and the Workers' Compensation Act, an employee injured by the negligence of a

third party is entitled to have a jury determine the issue of causation, as well as any other factual issues. *See also* Ark. Code Ann. § 16-64-103(b) (1987) (providing that issues of fact in an action at law for the recovery of money shall be tried by a jury unless a jury trial is waived). We therefore conclude that the trial court erred in giving preclusive effect to the Commission's determination on the issue of causation, and we reverse the order of summary judgment and remand for further proceedings.

Reversed and remanded.

IMBER, J., concurs.

ANNABELLE CLINTON IMBER, Justice, concurring. As the majority points out, to apply collateral estoppel, four elements must be satisfied: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Beaver v. John Q. Hammons Hotels*, 355 Ark. 359, 138 S.W.3d 664 (2003). Appellant in the case before the Workers' Compensation Commission sought damages for his lumbar strain *and* herniated disc injuries. In the Workers' Compensation Case, the ALJ made the following findings:[1]

> The claimant has failed to prove that he sustained any "compensable injury" to his lower back or lumbar spine, either in the form of a lumbar strain or a (sic) two herniated discs, in the specific employment related incident (MVA) of March 10, 1999. *He has failed to prove that the medically diagnosed injury of a lumbar strain is based upon or supported by any objective findings, as required by Ark. Code Ann. § 11-9-102(5)(D).*[2] *He has failed to prove that the medically diagnosed and objectively documented injury or defect of two herniated lumbar discs were in any way causally related to the specific employment related incident (MVA) on March 10, 1999.* Therefore he has failed to prove that such an injury or defect arose out of and occurred in the course of

---

[1] These findings by the ALJ were thereafter adopted by the Full Commission.

[2] The cited statutory provision now appears at Ark. Code Ann. § 11-9-102(4)(D) (Repl. 2002).

his employment, was due to a specific incident, and is identifiable by time and place of occurrence, Ark. Code Ann. § 11-9-102(5)(A)(i).[3]

(Emphasis added.) As demonstrated by the order, the ALJ concluded that the injury of two herniated lumbar discs was not causally related to the motor vehicle accident on March 10, 1999. With regard to the lumbar strain, however, the ALJ concluded that Appellant failed to prove that the medically-diagnosed injury of a lumbar strain was based upon or supported by any objective findings, as required by section 11-9-102(4)(D). Unlike the ALJ's finding pertaining to the herniated discs, the finding concerning the lumbar strain does not address the issue of causation. Indeed, the ALJ acknowledged that "the medical evidence may have established that the [Appellant] experienced a lumbar strain in the motor vehicle accident of March 10, 1999 . . . ." Therefore, the issue of whether Appellant's lumbar-strain injury was caused by the automobile accident has yet to be determined.

In the subsequent lawsuit filed against Appellee, Appellant alleges in his second amended complaint that "as a direct result and proximate consequence of the negligent acts of the [Appellee], the [Appellant] sustained serious injuries, both temporary and permanent to his *lumbar spine* . . . ." (Emphasis added). As noted by the ALJ, injuries to the lumbar spine included injuries in the form of a lumbar strain *and* two herniated discs. Here, the ALJ made a specific finding of no causal relationship between the herniated-disc injuries and the motor vehicle accident, but he explicitly declined to make a similar finding in connection with the lumbar-strain injury. In the absence of any such finding, collateral estoppel does not preclude subsequent litigation on whether the lumbar-strain injury was caused by the automobile accident.

Moreover, workers' compensation cases in which damages are adjudicated separately for each type of bodily injury are not preclusive in subsequent actions at law. In *Heine v. Simon*, 674 N.W.2d 411 (Minn. Ct. App. 2004), the Minnesota Court of Appeals held that the elements of collateral estoppel were not satisfied due to the distinction between how claims are adjudicated in workers' compensation proceedings and how causes of action are litigated in courts of law. In so holding, the court said:

---

[3] Similarly, the cited statutory provision now appears at Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2002).

> The issue of liability for damages, such as lost wages, is not litigated in workers' compensation proceedings. *See Katzenmaier v. Doeren*, 150 Minn. 521, 522-23, 185 N.W. 938, 938 (1921). Workers' compensation actions generally determine the amount of workers' compensation benefits for which an employer is liable when an employee is injured during the scope of employment. *See* Minn. Stat. § 176.021, subd. 1 (2002).

*Id*. at 422. The *Heine* court concluded that the issues adjudicated "in the workers' compensation action were factually dissimilar from those litigated in district court." For that reason, the collateral estoppel doctrine did not preclude subsequent litigation.

A similar distinction can be made in this case. The Workers' Compensation Commission made a separate "compensability" determination for each alleged injury sustained by Appellant; that is, the Commission determined whether Appellant sustained a "compensable" neck injury, upper back injury, or lower back injury. The issues before the circuit court would not be determined on the basis of each alleged injury; rather, the jury would be asked to determine (1) whether Appellant has sustained damages; (2) whether Appellee was negligent; and (3) whether such negligence was a proximate cause of Appellant's damages. *See, e.g.*, AMI Civil 2004, 203. In other words, the circuit court would instruct the jury to determine what injuries, if any, were caused by the automobile accident. Thus, the injury claims adjudicated in this workers' compensation proceeding are factually dissimilar to those that would be presented in Appellant's action at law against Appellee.

For the above stated reasons, I agree that we should reverse the order of summary judgment and remand for further proceedings. However, I decline to join the majority in resolving the issue of whether the circuit court's order violates Appellant's constitutional right to a jury trial under Article 2, Section 7 of the Arkansas Constitution. This court has a well-settled principle that we will avoid resolving a constitutional issue if it is not essential to deciding the case. *Landers v. Jameson*, 355 Ark. 163, 132 S.W.3d 741 (2003); *Virden v. Roper*, 302 Ark. 125, 788 S.W.2d 470 (1990); *Board of Equal. v. Evelyn Hills Shopping Center*, 251 Ark. 1055, 476 S.W.2d 211 (1972).