# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-4055

_____

| | | |
|---|---|---|
| Medical Liability Mutual Insurance Company, | * * * | |
| Plaintiff-Appellee, | * * | |
| v. | * * * | Appeal from the United States District Court for the |
| Alan Curtis LLC; Alan Curtis; Evergreene Properties of North Carolina, LLC; Alan Curtis Enterprises, Inc., | * * * * | Eastern District of Arkansas. |
| Defendants-Appellees, | * * * | |
| Mary Redden, individually, and as Executor of the estate of Annie Redden, | * * * | |
| Intervenor below-Appellant. | * | |

_____

Submitted: April 13, 2007
Filed: May 17, 2007

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Medical Liability Mutual Insurance Company brought this declaratory judgment action seeking to clarify its obligations under two insurance policies to

indemnify and defend Evergreene Properties of North Carolina, LLC (Evergreene), Alan Curtis Enterprises, Inc. (Curtis Enterprises), and other related entities in connection with a separate negligence lawsuit brought against them by Mary Redden. Redden moved to intervene in this action, and the district court[1] denied the motion. Redden appeals and we affirm.

Appellant Mary Redden (Redden) is the daughter of Annie Redden, a former resident of Crestpark Retirement Inn-Marianna (Crestpark) who died of numerous health complications in November 2003. Crestpark is an Arkansas nursing home operated by Evergreene and at least partially managed by Curtis Enterprises. Individually and as executrix of her mother's estate, Redden filed a lawsuit on March 3, 2005 in the Circuit Court of Lee County, Arkansas against Evergreene, Curtis Enterprises, other related entities, and unnamed defendants. She alleged that Crestpark's failure to diagnose and treat Annie Redden's health problems had caused her death. Redden asserted causes of action for negligence, wrongful death, breach of contract, and violations of the Arkansas Long Term Care Resident's Rights Act, Ark. Code Ann. § 20-10-1201 et seq. (Resident's Rights Act).

Medical Liability Mutual Insurance Company (MLMIC), which provides insurance coverage for healthcare facilities, succeeded to the obligations of two insurance policies issued to Evergreene covering the period of January 15, 2000 to January 15, 2001. After Redden instituted her action in state court, Evergreene demanded that MLMIC provide coverage for its defense. MLMIC agreed to provide coverage under a reservation of rights.

On September 22, 2005 MLMIC filed this diversity action in federal court against Evergreene, Curtis Enterprises, Alan Curtis, and Alan Curtis LLC (the

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

defendants) seeking a declaratory judgment that it had no obligation to defend or indemnify them in connection with Redden's lawsuit. MLMIC argued that the insurance policy covers Evergreene alone and does not extend to the other defendants. It also alleged that the injuries for which Redden seeks compensation did not occur within the one year coverage period of Evergreene's policies. Specifically, MLMIC urged that Redden's claims must have arisen after the termination of coverage for otherwise they would be barred by various statutes of limitation under Arkansas law.

On November 13, 2006 Redden filed a motion to intervene in MLMIC's action both mandatorily and permissively under Federal Rule of Civil Procedure 24(a)(2) and (b)(2). She argued that she has a property interest in the lawsuit because she might in the future need to look to MLMIC to satisfy any judgment she might obtain in state court against defendants. She also asserted an interest in any determination the court might make about the statutes of limitations applicable to her claim and sought a determination from the district court that the statute for the Resident's Right Act was five years, rather than the three years urged by MLMIC. Plaintiff and defendants both opposed her motion.

The district court denied the motion to intervene, concluding that Redden did not have standing to intervene and that intervention would also cause undue delay and prejudice to the current parties to the lawsuit. Redden appeals, claiming a right to intervene under Rule 24(a)(2) and arguing in the alternative that the district court should have granted her leave to intervene under Rule 24(b)(2).

We review a district court's denial of mandatory intervention de novo. Sierra Club v. Robertson, 960 F.2d 83, 85 (8th Cir. 1992). Under Rule 24(a)(2), a party is entitled to intervene as a matter of right upon filing a timely motion[2] if: (1) she has a cognizable interest in the subject matter of the litigation, (2) the interest may be

---

[2] The court did not address the timeliness of Redden's motion.

impaired as a result of the litigation, and (3) the interest is not adequately protected by the existing parties to the litigation. Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997).

The central issue on appeal is whether Redden has a cognizable interest in this action. Redden asserts that she has an interest in ensuring that MLMIC will indemnify the defendants in the event that she wins a favorable judgment against them and they are unable to pay. She also argues that she had an interest in the legal issues at stake in this action, particularly any determination of the statutes of limitations applicable to her claims.

An interest is cognizable under Rule 24(a)(2) only where it is "direct, substantial, and legally protectable." United States v. Union Elec. Co., 64 F.3d 1152, 1161 (8th Cir. 1995). An economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention. Curry v. Regents of the Univ., 167 F.3d 420, 422-23 (8th Cir. 1999). An interest that is "contingent upon the occurrence of a sequence of events before it becomes colorable" is also not sufficient to satisfy Rule 24(a)(2). Standard Heating & Air Conditioning Co. v. City of Minneapolis, 137 F.3d 567, 571 (8th Cir. 1998), quoting Washington Elec. v. Mass. Mun. Wholesale Elec., 922 F.2d 92, 97 (2d Cir. 1990).

Redden's only interest here is to ensure that the defendants in her state lawsuit have sufficient resources to satisfy any judgment she might obtain against them. This interest is too remote and indirect to qualify as a cognizable interest under Rule 24(a)(2). See Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc., 425 F.3d 1308, 1311 (11th Cir. 2005) (no right to intervene in insurance coverage dispute to ensure adequate pool from which to satisfy potential judgment). She was neither a party to nor intended beneficiary of the insurance contract between MLMIC and Evergreene. Moreover, there is nothing in the record to indicate that she had obtained a judgment against Evergreene at the time that she moved for intervention. Her interest in

MLMIC's liability to defendants is therefore contingent not only on obtaining such a judgment, but also on her inability to satisfy that judgment against any defendant to her action. Cf. Standard Heating & Air Conditioning, 137 F.3d at 571-72.

Redden also claims to have an independent interest in ensuring that the appropriate statute of limitation for the Resident's Rights Act is recognized and applied in this action. Redden has failed to establish that a ruling in MLMIC's favor on this issue would affect her in any material way, apart from its bearing on MLMIC's overall liability to defendants. Cf. Craven v. Fulton Sanitation Serv., 206 S.W.3d 842, 844 (Ark. 2006) (issue preclusion cannot be used against party who has not had prior opportunity to litigate issue). This interest therefore cannot be considered legally protectable. Because she has no cognizable interest in the present action, the district court did not err in denying mandatory intervention.

Redden argues in the alternative that the district court should have granted her permissive intervention because she raised issues of law and fact in common with the main action. Where such is the case, the district court has discretion to grant permissive intervention upon consideration of whether it will "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). We review the denial of leave to intervene for abuse of discretion. Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 410 (8th Cir. 1995). Here, the district court determined that the intervention would cause undue prejudice and delay to plaintiff and defendants. Given that Redden filed for intervention more than a year after this action was filed and only shortly before the discovery deadline, we cannot say that the district court abused its discretion in denying her leave to intervene on this ground.[3]

---

[3]Because we conclude that the district court did not err or abuse its discretion in denying Redden's motion to intervene, we need not address MLMIC's suggestion that Redden's appeal has been mooted by the judgment entered in this case by the district court.

Accordingly, the order of the district court is affirmed.

_____