Filed 1/20/98 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

      1998 ND 9      

Jeff McCarty,                              Claimant and Appellant

       v.                                                        

North Dakota Workers

Compensation Bureau,                                     Appellee

      and

Oral Logic, Inc.,                                      Respondent

Civil No. 970191

Appeal from the District Court for Ward County, Northwest Judicial District, the Honorable Wallace D. Berning, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Meschke, Justice.

Kathryn L. Dietz, of Dietz, Little & Haas, Gateway Office Building, 2718 Gateway Avenue #301, Bismarck, ND 58501, for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, P.O. Box 1695, Bismarck, ND 58502-1695, for appellee.

McCarty v. Workers Compensation Bureau

Civil No. 970191

MESCHKE, Justice.

[¶1] Jeff McCarty appealed a judgment affirming a North Dakota Workers Compensation Bureau order dismissing his claim for benefits.  We reverse and remand.

[¶2] McCarty filed a claim for a work injury to his back on January 23, 1995.  The Bureau dismissed McCarty's claim, and McCarty requested a rehearing.  A hearing before an administrative law judge (ALJ) was held on March 6, 1996.  After the hearing, but before the ALJ recommended findings, conclusions, and order, the Bureau submitted under NDCC 28-32-07 an affidavit of Terry Aanerud, McCarty's former supervisor, stating:

2.  I was a shift supervisor in 1994 and, in that capacity, was supervisor for Jeffrey McCarty.  I was aware that Mr. McCarty had injured his back in 1993 and was constantly made aware of that back injury throughout 1994 by Mr. McCarty, who complained on a regular basis of back pain which prevented him from doing the tasks he was supposed to do.  

*     *     *     *     *

4.  Mr. McCarty's complaints of back pain were not isolated events but were continuous throughout 1994 and did result in limiting the work he did.

[¶3] McCarty's counsel responded to the affidavit, arguing among other things, that it was "really not particularly informative or helpful to the Bureau's case." On April 20, 1996, the ALJ recommended findings of fact, conclusions of law, and an order.  The ALJ considered Aanerud's affidavit:

The Affidavit of Terry Aanerud is not particularly informative.  It would appear that more could be deduced by what the Affidavit does not contain than to what it actually presents.  Likewise, Mr. Aanerud's Affidavit is not offered to confirm Employer documentation of work modification nor any other special treatment for the Claimant.

The ALJ's findings included:

8.  Testimony was offered by the Bureau and Employer, that Claimant had taken a significant amount of "sick leave" in 1993 and 1994, while in the employ of Oral Logic, Inc.  Testimony was also presented that it was common knowledge all the while he worked at Oral Logic, Inc, that the Claimant had back problems. . . .

9.  No official Employer reports were entered acknowledging Claimant's back complaints prior to January 23, 1995.  Likewise, there were no records introduced at the hearing acknowledging that the Claimant had taken sick leave without payment.  Furthermore, no documentation was presented at the hearing of any special accommodation about Claimant's back prior to the alleged onset injury date of January 23, 1995.

*     *     *     *     *

13.  Claimant has a history of degenerative disc disease.  Claimant had been treated by a Chiropractor for his back in 1993.  (Exhibit 12).  However, Claimant's condition may be characterized as asymptomatic in the eighteen (18) months preceding the January 23, 1995 incident.

The ALJ concluded McCarty suffered a work-related compensable injury to his lower back on January 23, 1995, and recommended  awarding McCarty benefits.

[¶4] The Bureau rejected the ALJ's recommendation and dismissed McCarty's claim, concluding "claimant's January 23, 1995 injury was a trigger of an underlying condition" and "not a substantial aggravation or exacerbation of claimant's underlying condition" after finding that "it was common knowledge that claimant had back problems throughout 1993 and 1994 and that he was always complaining about his back while at work."  McCarty appealed to the district court.  

[¶5] On September 30, 1996, McCarty moved to amend the record to include reports of all written communications and memoranda of all oral communications during ex parte contacts between the Bureau's outside counsel and the "ultimate decisionmaker at the Bureau."
(footnote: 1)   On October 8, 1996, the Bureau's counsel wrote McCarty's counsel:

I enclose a Stipulation for dismissal of the appeal in this matter.  I have also written to the Bureau today and asked that an order be issued revoking the Bureau's July 19, 1996 Order and accepting the recommendations and proposed order ALJ Temanson issued on April 20, 1996.

McCarty's counsel responded:  "I really can't sign the Stipulation dismissing the appeal until the new Order comes out."  

[¶6] On December 16, 1996, the Bureau issued a new order accepting the ALJ's April 20, 1996 recommendations:

The Bureau . . . orders that the Recommended Findings of Fact and Conclusions of Law of the Administrative Law Judge dated April 20, 1996 are adopted as the Bureau's Findings of Fact, Conclusions of Law in this matter; (3) and further orders that the recommended order of the Administrative Law Judge be adopted as the Bureau's final order in this matter.

The parties then stipulated to dismiss McCarty's pending appeal.
(footnote: 2)
[¶7] Thereafter, on the same day, the Bureau also issued another order, finding McCarty made false statements in connection with his claim and dismissing the claim.  McCarty appealed this false-statements order to the district court.  The district court affirmed the Bureau's decision, and McCarty appealed. 

[¶8] Relying only on 
McArthur v. North Dakota Workers Comp. Bureau
, 1997 ND 105, 564 N.W.2d 655, the Bureau contends we must dismiss McCarty's appeal for lack of jurisdiction:

The Bureau issued its false statement order of December 16, 1996 based on its review of the record generated at the hearing on the Bureau's initial order dismissing McCarty's claim.  McCarty did not request a rehearing on this order as required by N.D.C.C. 65-01-14(4).  Rather, McCarty took a direct appeal to the District Court in order to avoid an evidentiary hearing on the issue of his false statements.  It is clear from the testimony in the record that at a full blown hearing on this matter at which other co-employees of Aanerud were called to testify, the record would become even more overwhelming in support of the Bureau's decision.

In 
McArthur v. North Dakota Workers Compensation Bureau
, 564 N.W.2d 655 (ND 1997), the court found that N.D.C.C. 65-10-01, which authorizes an appeal of a final order of the Bureau, does not apply to an informal decision but applies only to an order following a timely request for reconsideration.  Although the information on which the Bureau relied in issuing its false statement order was gathered at a hearing, that hearing was on an altogether different issue.  No hearing has ever been held on the question of whether McCarty made false statements.  The Bureau's order, therefore, remains an informal decision under N.D.C.C. §65-01-14.  As no request for reconsideration was made, the court has no jurisdiction to hear this appeal.

The Bureau's reliance on 
McArthur
 is misplaced.

[¶9] In 
McArthur
, the Bureau issued an informal decision dismissing a claim without holding any evidentiary hearing.  The claimant appealed that informal decision without requesting reconsideration under NDCC 65-01-14(4).  We held that was not appealable, but because McArthur's appeal "reflected the claimant was dissatisfied with the informal determination and was formally seeking further review," we directed the Bureau to treat the notice as a request for reconsideration.  
McArthur
, ¶12.  Here, however, the Bureau's December 16, 1996 false-statements order was issued after a formal evidentiary hearing had been held, and it was based upon the same evidence considered by the ALJ before making his order recommending benefits that the Bureau adopted on December 16, 1996.  The Bureau's false-statements order was, therefore, a formal decision after a hearing.

[¶10] As we said in 
Lende v. North Dakota Workers’ Comp. Bureau
, 1997 ND 178, ¶24, 568 N.W.2d 755, when the Bureau issues a formal decision, the claimant may appeal the decision to the district court, as "[t]he Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, does not require a party exhaust his administrative remedies by filing a petition for reconsideration as a prerequisite for an appeal to district court."  We conclude the Bureau’s false-statements order was a final appealable order and we have jurisdiction to review it.[¶11] McCarty contends the Bureau's December 16, 1996 order dismissing his claim on the ground he had made false statements was precluded by the doctrine of administrative res judicata.  The Bureau contends res judicata does not apply because "whether McCarty made false statements under § 65-05-33 was not raised nor litigated in the prior action" and "the doctrine of res judicata, or collateral estoppel, is not to be applied to produce an unfair result."

[¶12] Courts bar relitigation of claims and issues to promote the finality of judgments that increases certainty, discourages multiple litigation, conserves judicial resources, and avoids wasteful expense and delay.  
K & K Implement, Inc. v. First Nat'l Bank
, 501 N.W.2d 734, 738 (N.D. 1993).  
Hofsommer v. Hofsommer Excavating, Inc.
, 488 N.W.2d 380, 383 (N.D. 1992), explained that res judicata, or claim preclusion, "prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies and which was resolved by final judgment in a court of competent jurisdiction."  The applicability of res judicata is a question of law.  
Id
.  

[¶13] In determining if an action involves claims or issues that were raised or could have been raised in a prior proceeding, "we begin with the rule that res judicata applies even though the subsequent claims may be based upon a different legal theory."  
Littlefield v. Union State Bank
, 500 N.W.2d 881, 884 (N.D. 1993).  "[I]f the subsequent claims are based upon the identical factual situation as the claims in the prior proceeding, then they should have been raised in the prior proceeding."  
Id.

[¶14] We apply the doctrine of res judicata to administrative agency decisions.  
Cridland v. North Dakota Workers Comp. Bureau
, 1997 ND 223, ¶22 (under the doctrine of administrative res judicata, a Bureau order issued after a formal adjudicative proceeding would ordinarily preclude the Bureau from later apportioning benefits between two occurrences when apportioning  could have been resolved in the prior formal adjudicative proceeding that had become final).  II Kenneth Culp Davis and Richard J. Pierce, Jr., 
Administrative Law Treatise
, § 13.3, p. 250 (3rd ed. 1994)especially appropriate "[w]hen an agency conducts a trial-type hearing, makes findings, and applies the law."

[¶15] Whether or not McCarty made false statements in connection with his claim for benefits was not specified as an issue in the Bureau's specification of issues.  The specification of issues stated in the notice of hearing issued in this case said:
(footnote: 3)
Issues:  1.  Whether the claimant's January 23, 1995 injury merely acted as a trigger to produce symptoms in a pre-existing underlying condition which would have progressed similarly without the trigger.

At the beginning of the evidentiary hearing, the ALJ stated the issue more broadly, without objection:  "The issue before me is, to put it simply, whether claimant's entitled to benefits under the Workers Compensation Act."

[¶16] In her closing argument at the evidentiary hearing, McCarty's counsel argued the question of the truth or falsity of McCarty's statements:

I think in order to find against Jeff McCarty in this case, I think there has to be a determination that Jeff McCarty is lying, at least during 1994 . . . I mean there's some evidence with respect to 1993 . . . but there surely isn't in 1994 and that's all it takes.

In his closing argument at the evidentiary hearing, the Bureau's counsel also argued the question:

[Dr. Ray] bases her opinion on what obviously was a misstatement of Mr. McCarty's condition as he told her that he had no problems after August of 1993. . . .

We don't have somebody in here from 1994.  Mr. [Aanerud] is no longer with the company and we weren't able to get him in here.  But I think the conclusion that the hearing officer has to draw from the testimony is that evidence probably would have been the same.   

The Bureau thereafter obtained and supplied Aanerud’s affidavit to the ALJ before the ALJ made his recommended decision.

[¶17] When a new issue has been considered in an administrative proceeding, we have referred to NDRCivP 15(b) that treats "issues not raised by the pleadings," but "tried by express or implied consent of the parties . . . as if they had been raised in the pleadings":

Initially, the Bureau argues that the 
Beckler
 due-process issue was not properly raised at the district court level because Forster did not allege the due-process violation in the specifications of error he submitted pursuant to Section 28-32-15. . . .  Because the Bureau failed to object that the due-process issue was not contained in Forster’s specifications of error, and because it voluntarily proceeded to brief and argue the constitutional issue before the district court, we think it was proper, under the circumstances of this case, for the district court to entertain the 
Beckler
 due-process issue.  
Cf
., Rule 15(b), N.D.R.Civ.P. [when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings].
(footnote: 4)

Forster v. North Dakota Workers Comp. Bureau
, 447 N.W.2d 501, 503 (N.D. 1989).  
See
 
also
 
McCarter v. Pomeroy
, 466 N.W.2d 562, 567 (N.D. 1991):

McCarter contends that the Commissioner denied his right to a fair hearing by amending the complaint on his own motion to include a statutory violation not specified in the complaint and notice of hearing.

*     *     *     *     *

In civil actions, Rule 15(b), N.D.R.Civ.P., authorizes the amendment of pleadings to conform to the evidence, providing in part: . . . McCarter has not presented any persuasive reasons why administrative pleadings should not be allowed to be similarly amended.

[¶18] The Bureau's December 16, 1996 order adopting the ALJ's April 20, 1996 recommended findings, conclusions, and order was the culmination of a formal, trial-type adjudicative hearing.  The Bureau's claims of false statements by McCarty in its false-

statements order "are based upon the identical factual situation as the claims in the prior proceeding," 
Littlefield
, 500 N.W.2d at 884.  The Bureau's determination in its other order of December 16, 1996, that McCarty had made false statements for his claim rests on the same evidence presented to and considered by the ALJ in his April 20, 1996 recommended decision that the Bureau eventually adopted on December 16, 1996.  

[¶19] The question of whether McCarty had made false statements for his claim turned on the credibility of witnesses, and was not a "complex, technical and specialized" matter implicating the administrative agency's expertise.  
Americana Healthcare Center v. North Dakota Dep't of Human Servs.
, 513 N.W.2d 889, 891 (N.D. 1994).  Whether McCarty had made false statements for his claim "[was], or should have been[,] decided[_] in [the] prior formal adjudicative hearing," 
Cridland
, ¶29, before the ALJ, whose recommendations the Bureau ultimately adopted on December 16, 1996.  The Bureau "had a full and fair opportunity" to present its view of the facts and law in the proceeding before the ALJ.  
Lamplighter Lounge Inc. v. Heitkamp
, 510 N.W.2d 585, 590 (N.D. 1994).  We are not persuaded application of the doctrine of administrative res judicata would produce an unfair result in this case.  

[¶20] We conclude this is an appropriate case to apply the doctrine of administrative res judicata to the Bureau's decision adopting the ALJ's findings, conclusions, and order awarding benefits recommended on April 20, 1996.  Absent new evidence, administrative res judicata precluded the Bureau from  reconsidering the question of whether McCarty made false statements that was or could have been raised in the earlier adjudicative proceeding.

[¶21] We reverse the judgment and remand for entry of judgment reversing the Bureau's false-statements order dismissing McCarty's claim, and directing the Bureau to award McCarty benefits in accordance with its order adopting the ALJ's April 20, 1996 recommended decision.   

[¶22] Herbert L. Meschke

Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
NDCC 28-32-12.1, enacted by N.D. Laws 1991, Ch. 342, § 18, prohibits certain ex parte communications while an administrative agency proceeding is pending.  Part of NDCC 65-01-16(8), enacted by N.D. Laws 1997, Ch. 532, § 1, now authorizes:  “In reviewing recommended findings, conclusions, and orders, the bureau may consult with its legal counsel representing it in the proceeding.”

2:    
We have held that where parties stipulate for the dismissal of an appeal from a judgment, “dismissal of an appeal makes the judgment final and res judicata.”  
Schnell v. Schnell
, 252 N.W.2d 14, 17 (N.D. 1977).

3:    
The requirement of a written specification of issues before a hearing on a claim was contained in NDCC 28-32-08(2) until 1997:

2. Whenever an administrative agency, pursuant to authority conferred upon it by law, institutes an investigation upon its own motion or upon the claim or request of any person, without the filing of a specified complaint, or holds any contested case hearing upon its own motion or the claim or request of any person, without the filing of a specified complaint, no final order may be issued by the agency until all parties in interest have been furnished with a written specification of the issues which are to be considered and determined, nor until an opportunity has been afforded to all parties to present evidence and to be heard upon the precise issues so specified pursuant to notice being issued as required by section 28-32-05, unless the final order is issued pursuant to informal disposition in accordance with section 28-32-05.1.  The director of the workers compensation bureau may make initial determinations without giving the notice provided by this section, but the director is subject to the requirements of section 28-32-13.

That provision was deleted from NDCC 28-32-08 by 1997 N.D. Laws, ch. 277, § 9.  The same enactment at § 3 amended NDCC 28-32-05(3) to add the following:

c. A hearing under this subsection may not be held unless the parties have been properly served with a copy of the notice of hearing as well as a written specification of issues for hearing or other document indicating the issues to be considered and determined at the hearing.  In lieu of, or in addition to, a specification of issues or other document, an explanation about the nature of the hearing and the issues to be considered and determined at the hearing may be contained in the notice.

4:    
Part of NDCC 28-32-11.1 directs:

To the extent necessary for full disclosure of all relevant facts and issues, the person presiding at the hearing shall afford to all parties and other persons allowed to participate the opportunity to respond, present evidence and argument, conduct cross-examination, and submit rebuttal evidence, except as restricted or conditioned by a grant of intervention or by a prehearing order.