1999 ND 27

**Kevin Lee FUCHS, Petitioner and Appellee,**

**v.**

**Marshall MOORE, Director, North Dakota Department of Transportation, Respondent and Appellant.**

**Civil No. 980301**

Supreme Court of North Dakota.

Feb. 23, 1999.

Thomas K. Schoppert, of Schoppert Law Firm, Minot, ND, for petitioner and appellee.

Candace Ann Prigge, Assistant Attorney General, Bismarck, ND, for respondent and appellant.

NEUMANN, Justice.

[¶ 1.] The Department of Transportation appealed from a judgment reversing the Department's 91–day suspension of Kevin Lee Fuchs's driving privileges for driving with an alcohol concentration of at least ten one-hundredths of one percent. We hold the dismissal of license revocation proceedings for Fuchs's refusal to take a chemical test did not constitute administrative res judicata for these proceedings to suspend Fuchs's license for driving in violation of N.D.C.C. § 39–08–01. We, therefore, reverse the judgment and remand with instructions the trial court reinstate the Department's suspension.

[¶ 2.] On December 6, 1997, Highway Patrol Officer Bruce Klein stopped Fuchs, whom he had observed driving over the center line and down the middle of the roadway. After administering field sobriety tests, Officer Klein arrested Fuchs for driving under the influence of intoxicating liquor. Following the arrest, Officer Klein asked Fuchs to provide a urine sample. Fuchs refused. However, after talking with an attorney, Fuchs agreed to provide a urine sample. Fuchs only provided "a couple of dribbles" in the urine cup, which Officer Klein thought would be insufficient to obtain valid test results. He, nevertheless, forwarded the sample to the State Toxicologist, but also submitted a report to the Department, under N.D.C.C. § 39–20–04, requesting revocation of Fuchs's driving privileges for refusing to submit to a chemical test.

[¶ 3.] Fuchs requested an administrative hearing, and one was scheduled for December 30, 1997. The day before the scheduled hearing, Fuchs and the State Toxicologist notified the Department's hearing officer by telephone that valid test results had been obtained from Fuchs's urine sample. The hearing officer canceled the hearing and summarily dismissed the revocation proceedings for Fuchs's refusal to submit to a chemical test.

[¶ 4.] Following the dismissal, Officer Klein notified Fuchs and issued a report to the Department, under N.D.C.C. § 39–20–03.1, requesting suspension of Fuchs's driving privileges for driving with an alcohol concentration of at least ten one-hundredths of one percent in violation of N.D.C.C. § 39–08–01. Fuchs requested an administrative hearing, which was held on April 15, 1998. The hearing officer concluded Fuchs had operated his vehicle with an alcohol concentration in violation of the statute, and the Department suspended Fuchs's driving privileges for a period of 91 days. Fuchs appealed to the district court.

[¶ 5.] The district court concluded the summary dismissal of the revocation proceedings for Fuchs's refusal to submit to a chemical test constituted administrative res judicata, barring the suspension proceedings for Fuchs driving his vehicle in violation of N.D.C.C. § 39–08–01. The court entered a judgment reversing, on res judicata principles, the Department's suspension of Fuchs's driving privileges. The Department appealed.

[¶ 6.] On appeal the Department contends the district court erred in applying res judicata and reversing the suspension of Fuchs's driving privileges. Administrative res judicata is simply the judicial doctrine of res judicata applied to an administrative proceeding to prevent collateral attacks on administrative agency decisions and to protect successful parties from duplicative proceedings. *Lamplighter v. State ex rel. Heitkamp*, 510 N.W.2d 585, 591 (N.D.1994). Under the doctrine of administrative res judicata an agency order issued after a formal adjudicative proceeding ordinarily bars the agency from later raising issues in new proceedings which could have been resolved in the prior formal adjudicative proceeding that had become final. *See Cridland v. North Dakota Workers Compensation Bureau*, 1997 ND 223, ¶ 22, 571 N.W.2d 351. Application of the doctrine is especially appropriate to bar new proceedings when an agency has conducted a trial-type hearing, made findings, and applied the law. *See McCarty v. North Dakota Workers Compensation Bureau*, 1998 ND 9, ¶ 14, 574 N.W.2d 556. The applicability of res judicata is a question of law. *McCarty*, 1998 ND at ¶ 12, 574 N.W.2d 556.

[¶ 7.] The scheduled hearing to determine if Fuchs's driving privileges should be revoked for his failure to submit to a chemical test was never held. When the hearing officer learned by telephone the State Toxicologist had obtained test results from Fuchs's sample, he canceled the hearing and dismissed the revocation proceedings based upon Fuchs's alleged refusal to take a chemical test. Thereafter, proceedings were brought to suspend Fuchs's driving privileges for driving with an alcohol concentration in violation of N.D.C.C. § 39–08–01. We conclude under these circumstances administrative res judicata does not apply.

[¶ 8.] There was no formal hearing adjudicating the failure-to-test allegations. Furthermore, a revocation hearing involving charges of failure to submit to a chemical test involves separate issues from those in a suspension hearing for driving with an illegal alcohol concentration. The scope of a hearing for refusing a test is provided under N.D.C.C. § 39–20–05(3):

> The scope of a hearing for refusing to submit to a test under section 39–20–01 may cover only the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle in violation of section 39–08–01 or equivalent ordinance . . . whether the person was placed under arrest; and whether that person refused to submit to the test or tests.

The scope of a hearing for operating a vehicle with an excess alcohol concentration is covered under N.D.C.C. § 39–20–05(2):

> If the issue to be determined by the hearing concerns license suspension for operating a motor vehicle while having an alcohol concentration of at least ten one-hundredths of one percent by weight . . . . its scope may cover only the issues of whether the arresting officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle in violation of section 39–08–01 or equivalent ordinance . . . whether the person was placed under arrest . . . whether the person was tested in accordance with section 39–20–01 or 39–20–03 and, if applicable, section 39–20–02; and whether the test results show the person had an alcohol concentration of at least ten one-hundredths of one percent by weight. . . .

[¶ 9.] The circumstances in this case are distinguishable from the facts in *McCarty*, 1998 ND 9, ¶ 20, 574 N.W.2d 556, wherein this Court concluded the doctrine of administrative res judicata barred duplicative proceedings by the Workers Compensation Bureau. In *McCarty*, the Bureau accepted an administrative law judge's conclusion McCarty had suffered a work-related compensable injury to his back for which he was entitled to workers compensation benefits. On the same date the Bureau accepted the recommendation awarding benefits, it issued another order dismissing the claim upon grounds McCarty had made false statements in con-

nection with the claim. The Bureau's determination McCarty had made false statements was based upon the same factual situation and rested upon the same evidence presented to and considered by the administrative law judge whose recommendation to award benefits had been adopted by the Bureau. This Court concluded the Bureau was precluded under the doctrine of administrative res judicata from reconsidering the question of whether McCarty had made false statements when that issue could have been raised in the prior proceedings.

[¶ 10.] Unlike the agency conduct in *McCarty*, the Department's actions in this case were entirely reasonable, and there was no attempt to make Fuchs endure duplicative proceedings. The adequacy of the urine sample provided by Fuchs was questionable, and, consequently, the arresting officer was unable to determine whether the sample would yield valid test results. Under those unique circumstances, the officer reasonably decided to send the sample to the state lab and also to write a report requesting revocation of Fuchs's license for refusing a test. When the Department learned valid test results had been obtained, the revocation proceedings were immediately dismissed, without a formal adjudicative hearing. The arresting officer then initiated proceedings to suspend Fuchs's driving privileges, based upon the test results showing Fuchs had operated his vehicle while having illegal alcohol concentrations. We hold the suspension proceedings, under these circumstances, were not barred under the doctrine of administrative res judicata.

[¶ 11.] The judgment of the district court is reversed and the case is remanded with instructions the court reinstate the Department's 91–day revocation of Fuchs's driving privileges.

[¶ 12.] VANDE WALLE, C.J., MARING, KAPSNER and SANDSTROM, JJ., concur.