Filed 8/25/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 169

Walter D. Wagner, Plaintiff and Appellee

v.

Bernadette Wagner, Defendant and Appellant

No. 980395

Appeal from the District Court of Emmons County, South Central Judicial District, the Honorable Burt L. Riskedahl, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Neumann, Justice.

Patricia E. Garrity of Bair, Bair & Garrity, P.O. Box 100, Mandan, N.D. 58554, for defendant and appellant.

Rauleigh D. Robinson, 1003 E. Interstate Avenue, Suite 6, Bismarck, N.D. 58501-0500, for plaintiff and appellee. 

Wagner v. Wagner

No. 980395

Neumann, Justice.

[¶1] Bernadette Wagner appeals from the district court’s memorandum opinion and separate order dated October 21, 1998,  and the court’s order dated October 26, 1998.  We affirm in part, reverse in part, and remand. 

I

[¶2] Walter and Bernadette Wagner divorced on March 15, 1996.  In May 1997, Walter moved to reduce or eliminate his child support obligation.  The district court summarily denied his motion.  Walter appealed.  On November 19, 1997, this Court issued a temporary remand for findings and a determination from the district court, and retained jurisdiction under Rule 35(b), N.D.R.App.P., holding the appeal in abeyance.  The district court made its determination, setting child support at $750 per month, and specifically found that since entry of the judgment Walter had purposely rendered himself unable to comply with the terms of the judgment.  An amended judgment was entered on March 16, 1998.  On June 4, 1998, this Court affirmed the district court’s decision requiring Walter to pay child support.  
Wagner v. Wagner
, 1998 ND 17, ¶ 12, 579 N.W.2d 207.  While that appeal was pending, Walter filed a voluntary petition in bankruptcy court on March 31, 1997, based on his inability to pay creditor claims and to comply with his financial obligations under the divorce decree.  Walter’s bankruptcy documents listed just two secured creditors, the Strasburg Bank and the United States Department of Agriculture, and one unsecured creditor, Herman Schumacher.  Bernadette brought an adversary proceeding in bankruptcy court objecting to Walter’s petition for discharge.  

[¶3] On January 9, 1998, Walter and Bernadette entered into a stipulation in bankruptcy court resolving their property and support disputes.   On January 23, 1998, the bankruptcy court ordered dismissal of Bernadette’s claim, with prejudice, and ordered the parties perform under the stipulated agreement.  Judgment was entered in bankruptcy court based on the order. 

[¶4] On January 19, 1998, Bernadette moved the district court for an order incorporating the parties’ bankruptcy stipulation in the divorce decree.   Under that stipulated agreement, Walter agreed to pay Bernadette $2,000 a month for ten years in consideration of his property and support obligations.  The $2,000 payment was allocated as $750 for child support, $500 for spousal support, and $750 for property settlement.  Paragraph F of the agreement provided a liquidation option allowing Walter to liquidate the parties’ land, machinery, and equipment if he became unable to make the payments.  The agreement provided a procedure for liquidation and division of proceeds, and it provided the method for conducting an auction and selecting an auctioneer.  Under the agreement, in the event of liquidation, after “all valid, currently existing, secured claims on machinery and mortgages on real estate, real estate taxes, and the IRS tax liability” were paid, Bernadette was to receive the first $33,000, Walter was to receive the next $33,000, and any remaining proceeds were to be equally split between the parties.  No order incorporating the stipulation was or has ever been entered by the district court.  The record discloses no order regarding Bernadette’s motion.  

[¶5] Walter failed to make the first payment under the agreement, and he declared his intent to liquidate the parties’ land, machinery, and equipment.   On March 4, 1998, an auction was held and the parties’ land, machinery, and equipment were sold.  Walter then proceeded to distribute the proceeds in accordance with his interpretation of the stipulation, which included payments to seven creditors to whom he had confessed judgment in February 1996, (between entry of the trial court’s memorandum decision on December 15, 1995, and entry of the judgment on March 15, 1996), and also payment to Herman Schumacher, none of whom had been listed in Walter’s bankruptcy plan as secured creditors, yet all of whom were going to be paid prior to any payment to Bernadette.

[¶6] On March 27, 1998, Bernadette sought and obtained an ex parte interim order in the divorce action restraining Walter from closing on the sale of the land.  On March 31, 1998, Bernadette filed underlying motions in the divorce action based on the ex parte restraining order, moving the district court to (1) extinguish or rescind the stipulation on the grounds Walter had fraudulently made the agreement without intending to perform;  (2) reinstate the divorce judgment award and her property, spousal support, and attorney’s fees under the judgment; and (3) void the sale of machinery and land as fraudulent transfers, and appoint a receiver.  Alternatively, Bernadette moved for entry of an amended judgment of divorce nunc pro tunc, asserting that if the stipulation and sale are upheld, the quarter of land designated as hers be excluded from the sale, the seven confessed judgments be declared fraudulent transfers, she be given priority over the unsecured bankruptcy creditor, Herman Schumacher, and she be paid under the initial divorce judgment.  Walter resisted Bernadette’s motions and moved to vacate the ex parte restraining order.  

[¶7] On August 7, 1998, a hearing was held, at which Bernadette testified as to her belief the auction was not properly conducted, the received bids were below market price, and the purchaser was collaborating with Walter.  Bernadette presented witnesses including an experienced real estate appraiser and broker, and her bankruptcy attorney.  Walter testified and presented witnesses including the auctioneer, the auction clerk, the purchaser of the land, and his bankruptcy attorney.  On September 18, 1998, the district court issued a memorandum opinion denying Bernadette’s underlying motion, denying her motion for an amended judgment nunc pro tunc, and granting Walter’s motion to vacate the ex parte restraining order.   Bernadette requested reconsideration regarding Walter’s failure to comply with the stipulation provisions regarding payment of support obligations and distribution of proceeds, particularly the payments to the seven confessed judgment creditors and to Herman Schumacher.  The district court, without adequate explanation, denied her request. 

[¶8] Bernadette appeals, arguing the district court erred (1) by finding the evidence did not establish Walter had fraudulently induced her to enter into the stipulated agreement; (2) by failing to void the auction sales as fraudulent transfers; (3) in finding Walter had followed the stipulated agreement; and (4) in failing to enter judgment nunc pro tunc.  Because the stipulation was never incorporated into the decree in this action, we find it necessary to reverse that part of the district court’s order dealing with and interpreting the terms of the stipulation.

II

[¶9] Generally, stipulations are either procedural or contractual in nature.  
Lawrence v. Lawrence
, 217 N.W.2d 792, 796 (N.D. 1974).  Contractual stipulations affect rights which are the subject matter of the lawsuit, whereas procedural stipulations are merely intended to facilitate or shorten a lawsuit.  
Id.
  In essence, a contractual stipulation is a contract and is entitled to all the sanctity of a conventional contract.  
Hageness v. Hageness
, 1998 ND 147, ¶ 13, 582 N.W.2d 661.

[¶10] A contractual stipulation which is wholly incorporated into a divorce judgment ceases to be independently enforceable and is merged into the divorce judgment.  
Sullivan v. Quist
, 506 N.W.2d 394, 399 (N.D. 1993).  Consequently, an incorporated stipulation is enforced as a final judgment of the court.  
Id.
  As such, the court retains management and control over the incorporated stipulation, and remedies can be sought in the divorce action rather than starting afresh with another lawsuit based on the stipulation as a contract.  
Lawrence
, 217 N.W.2d at 796.

[¶11] A stipulation not wholly incorporated into a divorce judgment remains, to the extent not incorporated, a contract.  Remedies can be sought and relief can be granted by seeking enforcement of the contract.  
Hageness
, at ¶ 14.  This is done by starting an action in the district court for breach of the contract.  
See
 
Hageness
, at ¶ 13; 
Lawrence
, 217 N.W.2d at 796.

[¶12] Here, a stipulation was entered into in federal bankruptcy court.  While a motion was made in the North Dakota District Court to incorporate that stipulation into the parties’ divorce decree, no order granting that motion was ever entered by the district court.  Consequently, the district court did not have subject-matter jurisdiction to enforce the stipulation as part of the divorce decree.  Bernadette might also have started a separate contract action in district court to enforce the stipulation, but this was not done.  Bernadette sought recission or enforcement of the stipulation within the continuing litigation of her divorce action.  Because the stipulation has never been incorporated into the parties’ divorce decree, nor made the basis of a separate lawsuit to enforce the stipulation as a contract, we hold the district court was without jurisdiction to make any rulings regarding the stipulation and the actions taken under the stipulation.  Our ruling leaves the parties subject to the terms of the March 16, 1998, amended judgment.

[¶13] We remand this case to the district court directing the court to vacate any order entered regarding the stipulation.  Because the ruling on the ex parte order itself was intrinsically intertwined with issues surrounding the stipulation, we direct the district court to reconsider the ex parte order in light of the March 16, 1998, amended judgment, or, if it becomes properly incorporated in the divorce decree on remand, in light of the terms of the stipulation.

III

[¶14] Bernadette also argues the district court should have modified the effective date of the original judgment entered March 15, 1996, to make it effective, nunc pro tunc, as of December 15, 1995, the date of the memorandum decision.  The district court declined to do so, reasoning that the purpose of a nunc pro tunc order is to clarify, and not modify, an earlier order or judgment.

[¶15] An order may be entered nunc pro tunc, literally “now for then,” to have retroactive effect, as in the appointment of a guardian who has already acted in that capacity, 
In re Lehr’s Guardianship
, 87 N.W.2d 909, 914 (Iowa 1958), or to correct a clerical error or omission.  
Sampson v. State
, 506 N.W.2d 722, 727 (N.D. 1993).  However, a nunc pro tunc order cannot be used to correct a judicial error or omission, nor to change or revise an order or judgment.  
Aabye v. Aabye
, 292 N.W.2d 92, 94 (N.D. 1980).  

[¶16] Here, the district court correctly understood Bernadette’s motion as one for a modification, and not clarification, of the original judgment.  The result would have been an alteration of the parties’ rights.  The district court’s order denying a nunc pro tunc modification is affirmed.

IV

[¶17] The order of the district court dated October 26, 1998, is affirmed in part, reversed in part, and remanded.

[¶18] William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.