2012 ND 27

**Edith JOHNSON, Appellant,**

v.

**NORTH DAKOTA WORKFORCE SAFETY AND INSURANCE, a/k/a W.S.I., Appellee.**

**No. 20110159.**

Supreme Court of North Dakota.

Feb. 17, 2012.

Ariston Edward Johnson (argued), Watford City, N.D. and Thomas A. Dickson (appeared), Bismarck, N.D., for appellant.

Lolita G. Hartl Romanick, Special Assistant Attorney General, Grand Forks, N.D., for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Edith Johnson appealed from a district court judgment affirming an administrative law judge's ("ALJ") order dismissing her claim for benefits from Workforce Safety and Insurance ("WSI"). Johnson argues the ALJ improperly set aside the parties' stipulated specification of issues and abused its discretion by dismissing her claim for benefits as a sanc-

tion for failing to comply with discovery. We affirm.

## I

[¶ 2] In 2009, Johnson's employer, Bremer Bank, filed a first report of injury with WSI for Johnson, claiming Johnson suffered from post-traumatic stress disorder ("PTSD") after the bank was robbed while she was working as a bank teller. WSI denied Johnson's claim for benefits, ruling she did not have a physical injury and a compensable injury as defined by N.D.C.C. § 65–01–02(10) does not include a mental injury arising from mental stimulus. Johnson requested WSI reconsider its decision. WSI denied the claim, ruling Johnson's injury was not compensable because it was a mental injury arising out of a mental stimulus, Johnson failed to prove she sustained a compensable injury and was entitled to benefits, and, as an alternative conclusion, ruled Johnson's injury was not a compensable injury under N.D.C.C. § 65–01–02(10)(a)(6) because the injury was a mental or psychological condition preexisting the alleged work injury.

[¶ 3] Johnson appealed WSI's decision. Before a hearing was held on Johnson's appeal, the ALJ filed the specification of issues, advising the parties of the issues that would be considered and decided at the hearing. The parties filed a stipulation to amend the specification of issues to state that the issue was, "[w]hether Workforce Safety and Insurance correctly applied N.D.C.C. § 65–01–02(10)(b)(10) in determining that Edith Johnson's PTSD is a mental injury arising from a mental stimulus and thus is not a compensable injury." The ALJ ordered the specification of issues be amended as the parties requested.

[¶ 4] WSI requested discovery, including production of Johnson's medical records and information about preexisting conditions. Johnson objected and refused to provide some of the requested information because she claimed the information was not relevant to the issue before the ALJ and was unlikely to lead to relevant discovery. WSI moved to compel discovery. After a hearing, the ALJ granted WSI's motion to compel and set aside the parties' stipulated specification of issues, ruling it was confusing and did not "provide clarity, focus attention, or simplify proof." The ALJ stated the issue to be heard and decided at the hearing was, "whether [Johnson's] PTSD is a compensable work injury." The ALJ said this phrasing of the issue was "broad enough to allow [Johnson] to argue for benefits under all available statutory theories and also encompasses WSI's position that [Johnson's] PTSD is not a compensable injury under § 65–01–02(10)(b)(10) and § 65–01–02(10)(a)(6)."

[¶ 5] Johnson petitioned the district court for a writ of mandamus vacating the ALJ's order granting WSI's motion to compel and requiring the parties abide by the stipulated specification of issues through the remainder of the proceedings. After a hearing, the district court denied Johnson's petition, ruling she had not exhausted her administrative remedies.

[¶ 6] Johnson continued to refuse to provide the requested discovery. WSI moved for sanctions for Johnson's failure to comply with the discovery order and requested an order dismissing Johnson's claim. Johnson did not respond to WSI's motion but filed a motion to reconsider, requesting the ALJ reconsider its order granting WSI's motion to compel. Johnson attached two proposed orders to her motion to reconsider, one granting her motion and vacating the order to compel, and one denying the motion to reconsider and granting WSI's motion to dismiss. The ALJ denied Johnson's motion to reconsider and granted WSI's motion to dismiss.

[¶ 7]   Johnson appealed the ALJ's decision to the district court, arguing the ALJ erred in setting aside the parties' stipulated specification of issues. The court affirmed the ALJ's decision.

## II

[¶ 8]   Courts exercise limited review in appeals from an administrative agency's decision. *Sloan v. North Dakota Workforce Safety & Ins.*, 2011 ND 194, ¶ 4, 804 N.W.2d 184. On appeal from the district court, this Court reviews an administrative agency decision in the same manner that the district court reviewed the decision. N.D.C.C. § 28–32–49. Under N.D.C.C. § 28–32–46, the district court must affirm an agency order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

[¶ 9]   This Court does not make independent findings or substitute our judgment for the ALJ's judgment in reviewing the ALJ's findings of fact. *Sloan,* 2011 ND 194, ¶ 5, 804 N.W.2d 184. We do not give deference to the ALJ's legal conclusions, and questions of law are fully reviewable on appeal. *Id.*

## III

[¶ 10]   Johnson argues the ALJ erred in setting aside the parties' stipulated specification of issues and the order incorporating the parties' stipulation. She claims the proceedings were procedurally unfair because the parties were bound by their stipulation, WSI waived any arguments not relating to the stipulated issue, and she relied on the stipulation to prepare for the evidentiary hearing. Johnson contends that even if WSI did not waive any issues outside the stipulation, it was required to follow appropriate procedures to have the ALJ amend the specification of issues and give Johnson notice if it wanted to raise other issues at the evidentiary hearing.

[¶ 11]   Section   28–32–21(3)(c), N.D.C.C., provides notice requirements for adjudicative proceedings before an administrative agency, and states:

A hearing under this subsection may not be held unless the parties have been properly served with a copy of the notice of hearing as well as a written specification of issues for hearing or other document indicating the issues to be considered and determined at the hearing. In lieu of, or in addition to, a specification of issues or other document, an explanation about the nature of the hearing and the issues to be considered and determined at the hearing may be contained in the notice.

This Court has said notice is adequate when it informs the parties of the nature

of the proceedings so there is not unfair surprise. *Saakian v. North Dakota Workers Comp. Bureau*, 1998 ND 227, ¶ 11, 587 N.W.2d 166. "Basic notions of fundamental fairness dictate a person challenging an agency action must be adequately informed in advance of the questions to be addressed at the hearing so the person can be prepared to present evidence and arguments on those questions." *Id.*

[¶ 12] In this case, the ALJ's initial specification of issues advised the parties there were two issues that would be considered and determined at the hearing:

1) Whether WSI correctly applied N.D.C.C. § 65–01–02(10)(b)(10) in determining that Edith A. Johnson's PTSD is a mental injury arising from a mental stimulus and thus not a compensable injury, and 2) Whether WSI correctly applied N.D.C.C. § 65–01–02(10)(a)(6) in determining that Edith A. Johnson's PTSD is not a compensable injury because it is a mental/psychological condition preexisting the alleged work injury.

The parties submitted a stipulation agreeing to amend the specification of issues to strike the second issue and include only the first issue. The ALJ ordered the specification of issues be amended as the parties requested.

[¶ 13] WSI requested discovery, including production of Johnson's medical records and information about preexisting conditions. Johnson refused to comply with WSI's discovery request, arguing some of the requested discovery was irrelevant to the stipulated issue. WSI moved to compel discovery. A hearing was held on WSI's motion, and WSI argued the stipulated issue was broad enough to cover its discovery request and the requested discovery was relevant to the stipulated issue because the exclusion for mental injuries did not apply until the rest of the statute was addressed and Johnson proved her injury was a compensable injury as defined by N.D.C.C. § 65–01–02(10)(a). WSI requested the ALJ set aside the stipulation if its interpretation of the stipulated issue was incorrect. Johnson argued that WSI knowingly waived all issues except the stipulated issue and that she intended to present evidence at the evidentiary hearing that her injury was a compensable injury as defined by N.D.C.C. § 65–01–02(10)(a).

[¶ 14] The ALJ granted WSI's motion and amended the specification of issues, ruling:

Both sides agree that the basic issue is whether [Johnson's] PTSD is a compensable work injury. However, [Johnson] insists that WSI should be held to the issue it stipulated to, even though the issue does not capture what [Johnson] intends to prove at the evidentiary hearing, which is that her PTSD was caused by a "work injury."

According to N.D.C.C. § 65–01–02(10)(b)(10), a mental injury caused by a mental stimulus is not a compensable injury. If [Johnson's] PTSD was caused by a mental stimulus, she is not entitled to workers compensation benefits. On the other hand, if [Johnson's] PTSD was caused by something other than a mental stimulus, it does not automatically follow that she is entitled to benefits. She still must show that her PTSD is a compensable work injury.

. . . .

The amended specification of issues in this matter, based upon the agreement of the parties, did nothing to provide clarity, focus attention, or simplify proof. Rather it created confusion and obscured the basis for [Johnson's] application for workers compensation benefits. The issue as outlined ... is whether [Johnson's] PTSD is a compensable work injury. Thus stated it is broad

enough to allow [Johnson] to argue for benefits under all available statutory theories and also encompass WSI's position that [Johnson's] PTSD is not a compensable injury under § 65–01–02(10)(b)(10) and § 65–01–02(10)(a)(6).

[¶ 15] Generally, stipulations are either procedural or contractual. *Wagner v. Wagner*, 1999 ND 169, ¶ 9, 598 N.W.2d 855. This Court has said:

Procedural stipulations are aimed at facilitating the course of a lawsuit. They simplify proof or foreshorten procedural requirements. Contractual stipulations affect the subject matter of a lawsuit. They deal with the rights or property at issue. They are styled stipulations only because they occur in connection with litigation. In essense [sic] they are contracts and are entitled to all the sanctity of a conventional contract.

*Lawrence v. Lawrence*, 217 N.W.2d 792, 796 (N.D.1974). Stipulations may be set aside for good cause and in furtherance of justice. *Id.*

[¶ 16] The stipulation in this case was a procedural stipulation. The specification of issues in adjudicative proceedings before an administrative agency is similar to the pleadings in civil cases. Rule 15, N.D.R.Civ.P., provides the procedure for amending pleadings. This Court has referred to and incorporated in administrative proceedings the N.D.R.Civ.P. 15 concept that new issues not raised in the pleadings but tried with the parties' express or implied consent are treated as if they were raised in the pleadings. *See McCarty v. North Dakota Workers' Comp. Bureau*, 1998 ND 9, ¶ 17, 574 N.W.2d 556; *see also Saakian*, 1998 ND 227, ¶ 14, 587 N.W.2d 166. Under N.D.R.Civ.P. 15(a), a party may amend its pleading prior to trial "with the opposing party's written consent or the court's leave," and the court is required to give its leave when justice requires. Johnson has not argued why the

specification of issues in an administrative proceeding should not be treated similarly. Furthermore, an ALJ has the authority to "[h]old conferences to settle, simplify, or fix the issues in a proceeding, or to consider other matters that may aid in the expeditious disposition of the proceeding." N.D. Admin. Code § 98–02–03–02(2). Interlocutory orders are not final orders and may be modified at any time before the final order. *See Martinson v. Martinson*, 2010 ND 110, ¶ 19, 783 N.W.2d 633.

[¶ 17] In this case, the specification of issues incorporating the parties' stipulation was not a final order and the ALJ had the authority to modify the specification of issues. The ALJ determined the parties' stipulated specification of issues was not clear and created confusion. The ALJ noted the stipulated specification of issues made the issue too narrow and Johnson would be unable to succeed on her claim because she had to show her injury was a compensable work injury even if she proved the injury was caused by something other than a mental stimulus. Both WSI and Johnson planned to argue matters outside the stipulated issue. The parties disagreed about the meaning of the stipulation and what issues could be raised and the ALJ did not know that the parties disagreed about what the stipulation meant when it agreed to amend the specification of issues as the parties requested. The ALJ amended the specification of issues to settle any confusion about what issues would be considered at the evidentiary hearing and gave the parties notice of its decision in the order granting WSI's motion to compel discovery. Johnson had sufficient notice of what issues would be heard at the evidentiary hearing and had an opportunity to prepare to be heard on those issues. The ALJ did not err in amending the specification of issues.

[¶ 18] Furthermore, WSI did not waive any issues that were not includ-

ed in the stipulation. WSI acts as a trustee of public funds and has a duty to protect those funds against demands that are not legally enforceable. *Le Pire v. Workmen's Comp. Bureau,* 111 N.W.2d 355, 359 (N.D.1961). WSI cannot be bound by a stipulation that fails to protect the public's interests, and the court should correct the error to protect the public's interests. *See id.* (the court should protect the public's interests and was not bound by the parties' stipulation after the agency's counsel stipulated claimant was fully insured when claimant clearly did not qualify as fully insured under the law). Under N.D.C.C. § 65–01–02(10)(b)(7), a compensable injury does not include an injury attributable to a preexisting condition. Johnson contends the parties agreed to amend the original specification of issues because her injury was not caused by a preexisting condition. However, WSI cited N.D.C.C. § 65–01–02(10)(a)(6) as an alternative reason for denying her claim, stating a compensable injury does not include a mental or psychological condition when the condition preexists the alleged work injury. It was unclear whether Johnson had a preexisting condition and whether the statutory exclusion would apply. WSI could not waive statutory requirements for determining whether an injury is compensable under N.D.C.C. § 65–01–02(10) and limit the issue to be decided at the evidentiary hearing to determining whether Johnson's injury was caused by a mental stimulus.

[¶ 19] We conclude WSI did not waive the issues outside the stipulated specification of issues and the ALJ properly amended the specification of issues. We affirm the ALJ's decision to amend the specification of issues.

IV

[¶ 20] Johnson argues the ALJ abused its discretion by dismissing her claim for benefits as a sanction for discovery violations. WSI argues the issue should not be considered because it was not raised before the district court. This Court has said an issue is not properly preserved for review if it is not raised in the specification of error to the district court. *Midthun v. North Dakota Workforce Safety and Ins.,* 2009 ND 22, ¶ 7, 761 N.W.2d 572. Although we are doubtful Johnson's specification of error included this issue, if Johnson preserved the issue, we conclude the ALJ did not abuse its discretion.

[¶ 21] Assuming Johnson preserved this issue, we note an ALJ has discretion in ruling on discovery issues, and the ALJ's decision will not be reversed on appeal unless the ALJ abused its discretion. *State ex rel. Workforce Safety and Ins. v. Altru Health Sys.,* 2007 ND 38, ¶ 11, 729 N.W.2d 113; *see also Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.,* 531 N.W.2d 289, 300–01 (N.D.1995). The ALJ abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *See Altru Health Sys.,* at ¶ 13.

[¶ 22] Parties are entitled to discovery in adjudicative proceedings in accordance with the North Dakota Rules of Civil Procedure. N.D.C.C. § 28–32–33(1); *see also* N.D. Admin. Code § 98–02–02–06(1). The ALJ may issue subpoenas, discovery orders, and protective orders. N.D.C.C. § 28–32–33(2). Section 98–02–02–06(3), N.D. Admin. Code, provides the hearing officer may order one of the following remedies for a party's failure to comply with a discovery request or order:

a. Make a further order concluding that the subject matter of the order

approving discovery or any other relevant facts shall be taken as established for the purposes of the case in accordance with the claim of the party requesting the order;

b. Make an order which recognizes the failure of the party to comply and refuse to allow that party to support or oppose designated claims or defenses, or prohibit the party from introducing designated matters into evidence;

c. Make an order striking out pleadings, or parts thereof, or staying further proceedings until the order is obeyed;

d. When the hearing officer is the final decisionmaker, make an order dismissing the action or proceeding, or any part thereof, or make a default order against the party; or

e. When the hearing officer is not the final decisionmaker, make a recommended order dismissing the action or proceeding, or any part thereof, or make a recommended default order against the party.

[¶ 23] In this case, the ALJ dismissed the action as a sanction after Johnson refused to comply with WSI's discovery request and the ALJ's decision granting WSI's motion to compel discovery. In deciding to dismiss Johnson's claim, the ALJ noted Johnson did not offer a defense for failing to comply with discovery and made it clear that she would rather have the matter dismissed than comply with discovery. The ALJ found Johnson almost invited dismissal by failing to respond to WSI's motion for sanctions, moving to reconsider the order granting WSI's motion to compel, and submitting two proposed orders with one granting the motion to reconsider and the other granting WSI's motion to dismiss. While the ALJ should not be guided solely by the parties' requests and must exercise its own judgment in determining an appropriate sanction, under the facts of this case we conclude the ALJ did not abuse its discretion in dismissing Johnson's claim. We affirm the ALJ's decision to grant WSI's motion to dismiss.

## V

[¶ 24] We affirm.

[¶ 25] CAROL RONNING KAPSNER, DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.

MARING, Justice, concurring specially.

[¶ 26] I agree with the majority opinion and write only to reiterate what our Court has said in the past about dismissal of a claim as a sanction for a discovery violation. We have made it clear that, under N.D.R.Civ.P. 37, "[s]anctions must be tailored to the severity of the misconduct, and dismissal of an action or entry of default judgment should be used sparingly, only in extreme situations, and should not be used if an alternative, less drastic sanction is available and would be just as effective." *Vorachek v. Citizens State Bank of Lankin,* 421 N.W.2d 45, 51 (N.D.1988). "A Rule 37 dismissal requires that the discovery abuse be deliberate or in bad faith." *Bachmeier v. Wallwork Truck Ctr.,* 507 N.W.2d 527, 533 (N.D.1993). In *Bachmeier,* our Court said: "Dismissal of the entire case with prejudice is perhaps the most restrictive sanction which exists. Imposition of this sanction before the start of trial exacerbates this harshness. We prefer that disputes be settled on the merits." *Id.*

[¶ 27] It concerns me that the decisionmaker did not consider a less harsh sanction before choosing to dismiss.

[¶ 28] MARY MUEHLEN MARING.